UNION LIFE INSURANCE COMPANY *v.* EPPERSON.

4-9969                                          254 S. W. 2d 311

Opinion delivered January 26, 1953.

*M. J. Harrison* and *E. M. Arnold,* for appellant.

*Gordon & Gordon,* for appellee.

J. SEABORN HOLT, Justice.  September 5, 1951, appellee, Epperson, sued appellant, Insurance Company, under the terms of a group insurance contract with the Arkansas State Highway Department for injuries received on March 28, 1951, in the course of his employment with the Highway Department.  Appellant demurred to the complaint on the ground that it failed to state a cause of action.  The court overruled this demurrer and appellant answered denying all liability, and from a judgment for the full amount sought, plus the statutory penalty and attorney's fee, comes this appeal.

A jury was empanelled to try the case October 11, 1951, and at the conclusion of all the testimony introduced by the parties, both sides asked for a directed verdict. The court then discharged the jury, took the case under advisement, and on February 4, 1952, rendered judgment for appellee for "$931.50 covering all disability and other items for which he is entitled to recover under the policy sued on to and including October 11, 1951," and on February 27, 1952, during term time, assessed the statutory penalty (§ 66-514, Ark. Stats. 1947) and $350 attorney's fee.

For reversal, appellant contends that the trial court erred in overruling its demurrer and that appellee "did not discharge the burden of showing that he sustained an accident and that the accident caused his disability, and for this reason, the cause should be reversed and dismissed, having been fully developed at the trial; that there is no substantial evidence to sustain the judgment and that it is based on conjecture and speculation."

Material facts appear not to be in dispute.

Appellee, 47 years of age, while employed by the State Highway Department and working in such capacity, suffered a rupture or perforation of a gastric ulcer. He testified, in effect, (quoting from appellant's abstract): "There was a stripped shaft in the pump that pulls the asphalt machine, which shaft was about half buried in the asphalt. The shaft was in the chassis of an old automobile and was right on the ground. Had to work in a stooped position and in getting it out had to stand straddle of it and reaching over to do the work and prising. After I got it loose, I picked it up, stepped out of the frame and laid it on the end of my pick-up truck. During the procedure, pain hit me just like a knife sticking in me and I went out. A doctor was called and gave me a shot and sent me to the hospital. Had been working 35 to 40 minutes before I felt the pain. ... A. I am sure that pain came in the action of me moving this shaft from where it was to the back end of my pick-up truck.

"The shaft weighed around 70 to 75 lbs. Was brought to Morrilton in an ambulance and treated by Dr. Mobley, who operated on me that same day. In 1949, Dr. Mobley had told me that I had a stomach ulcer, but it had not been giving me trouble except for a slight indigestion for close to two years. Have not been able to work since March 28, 1951. Made claim to the Workmen's Compensation Commission and later had correspondence with defendant, which rejected claim."

The insurance policy contained the following pertinent provisions: "Does hereby insure the employees of the Arkansas State Highway Commission . . . against the effects resulting directly and exclusively of all other causes from bodily injuries sustained by the employees of the Employer solely through external, violent and accidental means while engaged in the course of employment for the Employer, and only while actually performing duties for the Employer . . .

"Liability Exceptions. Section (4). This policy does not cover: . . . injury resulting from any disease or bodily infirmity."

On the record before us, we have concluded that the complaint stated a cause of action and that there was substantial evidence to support the findings and judgment of the trial court. The facts bring this case within the rule recently reaffirmed by this court in *Metropolitan Casualty Insurance Company* v. *Fairchild*, 215 Ark. 416, 220 S. W. 2d 803. There, as here, an injury following overexertion or strain was involved. We there concluded that while there is some conflict in the authorities, we have adopted the view that where an injury following overexertion or strain is unforeseen or unexpected, and is not such as would naturally and probably result from the voluntary act done, but is rather an unusual result, such injury (or death) is an accident or is effected by accidental means and that where, as here, the accidental injury is the primary or proximate cause of the disability, it is not material that a pre-existing diseased condition contributed thereto. We there said:

"It is also clear from our cases that disability or death results solely and exclusively from accidental means although disease plays a part in the disability or death, if the disease was due to the accident. We have also held in several cases that, if an accidental injury is the primary or proximate cause of death or disability, it is not material that disease contributed thereto. These cases are cited in the recent case of *The Travelers' Insurance Co.* v. *Johnston,* 204 Ark. 307, 162 S. W. 2d 480. In that case we reaffirmed the rule announced in *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995, 44 L. R. A., N. S., 493, where it was held (Headnote 1): 'When an accident insurance policy limits liability to "bodily injuries sustained through accidental means resulting directly, independently and exclusively of all other causes of death," and it appears that death resulted from an aggravation of a latent disease to which the deceased was subject, an instruction is correct to the effect that the defendant insurance company is liable, under the contract, if death resulted when it did on account of the aggravation of the disease from the accidental injury, even though death from the disease might have resulted at a later period, regardless of the injury.' "

Here, the proof shows, as indicated, that the rupture or perforation of the ulcer occurred at a time when appellee was in a stooped and strained position, lifting the shaft in question. Dr. Mobley, attending physician, testifying on the presence of an ulcer and the rupture or perforation, said: "I think that definitely that trauma does have an influence. I think that it was a determining factor in this case from the history and from the findings."

In the circumstances, we hold that there was ample evidence to sustain the following finding of the trial court: "The court finds, therefore, that the disability alleged and for which compensation is sought, occurred through accidental means; that the rupture or perforation occurred as the proximate result of overexertion and strain; that the fact that plaintiff had been afflicted with an ulcer prior to the date of its rupture while a

contributing factor to his disability, yet was not the proximate cause of same under the evidence.''

The record also reflects that the original findings and judgment of the trial court were filed January 22, 1952, judgment was rendered against appellant February 4, 1952, and the motion for a new trial overruled February 15, 1952. Thereafter, on February 22, 1952, during term time, the court set aside the above judgment and order overruling motion for a new trial and permitted appellee to amend his complaint to ask for a penalty and attorney's fee, and also permitted the introduction of testimony as to what would be a reasonable attorney's fee. On the same date, appellant asked that it be permitted to amend its answer and specifically pleaded as a defense, § 4, above. The court denied this request.

Appellant argues that the court abused its discretion in allowing appellee to present testimony on the attorney's fee and that, in any event, the fee was excessive, and further erred in refusing to permit it to amend its answer, as indicated. We do not agree to any of these contentions. Under the above statute, (§ 66-514, Ark. Stats. 1947) in a suit such as this, the insurance company (appellant) ''shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve [12] per cent damages upon the amount of such loss together with all reasonable attorney's fees for the prosecution and collection of said loss; said attorney's fee to be taxed by the court where the same is heard on original action, by appeal or otherwise, and to be taxed up as a part of the costs therein and collected as other costs are, or may be by law collected,'' etc.

The penalty and attorney's fee were therefore properly assessed, and we do not find the fee excessive.

There was no error in refusing to permit appellant to amend its answer for the reason that had appellant specifically pleaded § 4 of the policy, above, in its original answer, it would not have been a defense under the above authorities.

Affirmed.