FIDELITY RESERVE INSURANCE COMPANY *v.* ENGLISH.

5-911                                    288 S. W. 2d 951

Opinion delivered April 9, 1956.

*Dinning & Dinning,* for appellant.

*A. M. Coates,* for appellee.

GEORGE ROSE SMITH, J. This is an action upon a sickness and accident policy which provides twelve months of benefits for disability "resulting solely from bodily injuries effected directly and independently of all other causes through accidental means." In appealing from a judgment for the plaintiff the insurer relies upon several clauses in the policy to support its denial of liability.

It is contended that the appellee's disability did not result solely from accidental means, within the language quoted above. The undisputed facts are that the appellee accidentally stepped on a roofing tack, gangrene developed despite medical attention, and the afflicted leg had to be amputated below the knee. The appellant's argument is based on proof that the appellee, a woman past sixty, suffers from arteriosclerosis, without which the wound would not have become gangrenous. In construing language like that appearing in this policy we have uniformly held that the injury is covered if the accident precipitates the disability, even though the condition would not have occurred without the contributing effect of a preëxisting disease. *Fidelity & Cas. Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995, 44 L. R. A., N. S. 493; *The Travelers Ins. Co.* v. *Johnston,* 204 Ark. 307, 162 S. W. 2d 480; *Union Life Ins. Co.* v. *Epperson,* 221 Ark. 522, 254 S. W. 2d 311. This view of proximate causation also answers the appellant's argument that the appellee's disability is due solely to heart disease, for which the policy does not provide coverage.

The appellant relies upon another clause in the contract which allows somewhat smaller benefits for con-

finement resulting from illness. It is insisted that the claim should have been asserted under this provision rather than under the paragraph relating to disability occasioned by accidental injury. The wording of each clause is sufficiently comprehensive to cover the present claim, and, since the policy is to be construed against the insurer, there is no basis for holding that the insured is compelled to select the least beneficial claim that the contract permits her to assert.

Two additional defenses must be rejected for want of proof. The appellant's reliance upon a clause requiring a disabled insured to be regularly attended by a physician is met by the complete absence of proof that the appellee was not so attended. This general provision, appearing in the latter part of the policy, constitutes an exception to the basic insuring clauses and therefore presents at most an affirmative defense that must be pleaded and proved. *Stucker* v. *Hartford Acc. & Ind. Co.*, 220 Ark. 475, 248 S. W. 2d 383. Here the defense was pleaded but not proved. Neither is there sufficient proof to establish the contention that the appellee accepted a check in full settlement of her claim.

The insurer's remaining contention, that its liability is limited in any event to specific indemnity for the appellee's loss of one foot, is in our opinion also an affirmative defense that was waived by the defendant's failure to plead it. The complaint stated a prima facie cause of action under the disability provisions of the policy. The answer contained a general denial and a counterclaim to recover sums already paid, upon the theory that the plaintiff's disability was due solely to heart disease. Thus the defendant elected to join issue with the allegations of the complaint, without suggesting in any way that it might be liable under a separate paragraph in the contract for specific indemnity for the loss of the plaintiff's leg. In these circumstances the company waived the right to rely upon the alternative clause relating to specific indemnities, and the court did not abuse its discretion in refusing to allow this defense to be brought

into the case for the first time in the form of a requested instruction to the jury.

Affirmed.