KEY LIFE INSURANCE CO. v. WILLIAM GULLEDGE, ADM'R

5-4632                                      245 S.W. 2d 245

Opinion Delivered September 9, 1968

*George K. Cracraft, Jr.,* for appellant.

*W. G. Dinning, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. This action was brought by the appellee to recover death benefits of $2,500 under an accident policy issued by the appellant upon the life of C. W. Gulledge. The trial court, hearing the case without a jury, entered a judgment for the plaintiff in the amount sued for, plus the statutory penalty and attorney's fee. The real question on appeal is whether there is substantial evidence to sustain the judgment.

Gulledge, while at work, accidentally injured his left hand to such an extent that the surgical amputation of two fingers became necessary. Owing to the patient's advanced age the surgeons administered a general anesthetic. The patient at once suffered a cardiac arrest; that is, his heart stopped beating. The surgeons quickly opened the patient's chest and restored the heart beat by massaging that organ for 20 or 30 seconds. After the chest opening was closed the doctors completed the operation.

Dr. Wise, one of the surgeons, testified that Gulledge "was carried to the recovery room in fair condition. He was conscious on the operating table the last

few seconds, and he was conscious to some extent in his room. He subsequently lapsed into a semi-coma and then into a coma, and he died on the 17th, four days after, without regaining any of the natural things of life, probably the result of the lack of oxygen to the brain as a result of the shock like what he underwent on the operating table." Dr. Wise thought there was a casual connection between the heart failure and the injury to Gulledge's hand. As he put it: "Had he not cut his hand I wouldn't have operated on him. I would not have given him an anesthetic, and he wouldn't have died." The doctor, however, did not profess to be absolutely certain about the cause of death. He candidly stated that "without an autopsy, or even with it, we don't know the cause of death." Dr. Barrow, the other surgeon, agreed with Dr. Wise and added that the administration of an anesthetic, more than anything else, causes or contributes to cardiac arrest.

An accidental injury may be found to have been the cause of death within the meaning of a policy like this one if it set in motion the chain of events that resulted in the insured's death, even though some other condition may also have contributed to the final outcome. *Life and Cas. Ins. Co.* v. *Jones,* 230 Ark. 979, 328 S.W. 2d 118 (1959); *Union Life Ins. Co.* v. *Epperson,* 221 Ark. 522, 254 S.W. 2d 311 (1953). It is not essential that a physician's testimony pinpoint the cause of death with mathematical certainty; probability suffices. *American Life Ins. Co.* v. *Moore,* 216 Ark. 44, 223 S.W. 2d 1019 (1949). In the court below the trial judge could reasonably connect the heart stoppage on the operating table with the patient's ensuing coma and with his death only four days later. Nothing in the record suggests any other independent cause of death. We have no hesitancy in holding that there is ample substantial evidence to support the judgment.

Affirmed.