Kenneth L. HUTTON, d/b/a Hutton Marine Service, et al., Appellants,

v.

WALTER G. HOUGLAND, INC., et al., Appellees.

No. 19440.

United States Court of Appeals
Fifth Circuit.

Aug. 13, 1963.

Tom F. Phillips, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for appellants.

Benjamin Yancey, Andrew T. Martinez, Edward S. Bagley, New Orleans, La., Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., of counsel, for Cargo Carriers, Inc.

George B. Matthews, Lemle & Kelleher, New Orleans, La., for Walter G. Hougland, Inc., and others.

Before RIVES and WISDOM, Circuit Judges, and BOOTLE, District Judge.

596

RIVES, Circuit Judge.

Shortly after nightfall on November 12, 1958, in the Mississippi River, the M/V WHAYNE H [1] brought the head of her tow into collision with integrated Barge G–1 [2] and M/V CARPORT [3] while the latter vessels were at anchor in the harbor area at Baton Rouge, Louisiana. The WHAYNE H was pushing in tandem Barges WGH–10 [4] and WGH–12,[5] both light. Kenneth Hutton, d/b/a Hutton Marine Service, had contracted to care for the integrated Barge G–1 and M/V CARPORT and to keep proper anchor lights on the vessel. Hutton carried insurance "to cover the assured's legal liability out of the Barge Fleeting operations for loss or damages to the property of third parties." Since the collision, Hutton himself has been adjudged a bankrupt.

In a carefully reasoned opinion reported as Walter G. Hougland, Inc. v. The M/V CARPORT, E.D.La.1961, 194 F. Supp. 723, the district court, Judge J. Skelly Wright, held: (1) that the WHAYNE H was at fault for proceeding at full ahead in the crowded harbor area outside the navigational channel and for failure to have a lookout at the head of her tow; (2) that the integrated Barge G–1 and M/V CARPORT was at fault for having inadequate anchor lights, resulting from Hutton's having failed to make the required change of lanterns; and (3) that coverage was afforded by Hutton's insurance policies for the collision in question.

■ We are in full agreement with the findings of fact [6] of the district court and with its conclusions as to liability.

We do not agree with the owners of the M/V WHAYNE H that the owners of the M/V CARPORT owed a further duty to keep a lookout or watchman aboard the anchored vessel under the circumstances here prevailing. See Southern Pacific Co. v. Haglund, 1928, 277 U.S. 304, 310, 48 S.Ct. 510, 72 L.Ed. 892; The W. J. McCaldin, S.D.N.Y.1888, 35 F. 330, 333.

The district court's interlocutory decree, however, gives us trouble. Its first interlocutory decree entered August 31, 1961 provided for a division of damages, in substance as follows:

1. The owners of Barges WGH–12 and WGH–10 recover 100% of damages to said barges against Cargo Carriers, Inc., the owner of M/V CARPORT, with Cargo Carriers, Inc. to have judgment over of 100% of damages against the insurers of Kenneth L. Hutton.

2. The owner of M/V WHAYNE H recover ⅓ of damages to said M/V WHAYNE H against Cargo Carriers, Inc. and ⅓ of said damages against the insurers of Kenneth L. Hutton, with Cargo Carriers, Inc. to have judgment over of its ⅓ damages against insurers of Kenneth L. Hutton.

3. Cargo Carriers, Inc., as owner of the integrated Barge M/V CARPORT and the Barge G–1 recover ⅓ of damages to said integrated barge from the owners of the M/V WHAYNE H and ⅔ of said damages from the insurers of Kenneth L. Hutton.

Kenneth L. Hutton and his insurer filed a notice of appeal on September 20,

---

1. Owned by Walter G. Hougland Sons, Inc., and Hougland, Inc.

2, 3. Both owned by Cargo Carriers, Inc. Though separate vessels capable of independent use, they were coupled together to form a rigid, integrated tug and tow.

4. Owned by Barge No. 10, Inc.

5. Owned by Walter G. Hougland, Inc.

6. As to those findings, Cargo Carriers, Inc. concedes in its brief: "There is no direct evidence that the forward anchor light was burning at the time of collision and consequently the finding of the lower court that it was out, not being clearly erroneous, must be affirmed." Walter G. Hougland, Inc., et al., concedes: " * * * that for the purposes of this appeal the Findings of Fact of the District Judge are not clearly erroneous and must, therefore, be accepted as correct."

1961, and *thereafter,* on October 2, 1961, the district court undertook to enter an amended interlocutory decree imposing ⅔ of all damages to all vessels and barges on Kenneth L. Hutton and his insurers, and ⅓ on the owners of the M/V WHAYNE H. We need not stop to decide which interlocutory decree is effective, for we are not in agreement with either the first decree or the amended decree.

The Barges WGH–10 and WGH–12 were free from fault. Substantially equal fault for the collision rested on the M/V WHAYNE H and on the integrated Barge G–1 and M/V CARPORT, which are treated as one vessel. The owner of the M/V CARPORT has a right of indemnity against Hutton's insurance carrier.

We are not troubled in this case with whether the traditional admiralty doctrine that mutual wrongdoers share equally the damages sustained by each [7] should give way to an apportionment of damages based on respective degrees of fault,[8] for here there were only two wrongdoers and they were of substantially equal fault.

 Nor is this case like Pennsylvania Railroad Company v. The Beatrice, 2 Cir., 1960, 275 F.2d 209, 212, where two vessels and an individual were all at fault, and the court divided the damages by thirds. The question presented here was expressly pretermitted in that case when the court said:

"We need not now decide how the division of damages rule should have been applied if Bull's liability had been based solely on the pilot's negligence in navigating the Beatrice thus creating a situation in which a single act of negligence gave rise to liability on the part of two separate interests, viz., Bull and its vessel, on the one hand, and Dalzell, on the other hand."

275 F.2d at 213. It seems clear to us that the fact that more than one person may be responsible for a single fault on a single vessel does not justify a multiplication of the share of damages to be paid.

 The damages should be divided equally between the owner of the M/V WHAYNE H and the owner of the M/V CARPORT, with the latter having a right of indemnity against Hutton's insurance carrier. Within the coverage of that right of indemnity are the reasonable counsel fees incurred by Cargo Carriers, Inc. in resisting the liability asserted by the owners of the WHAYNE H and its two barges.[9]

The interlocutory decree is therefore vacated, and the cause is remanded for the entry of an interlocutory decree and for further proceedings consistent with this opinion. The costs of appeal are taxed one half against Hutton's insurance carrier, and one half against the owner of the WHAYNE H.

Vacated and remanded.

---

7. See The Schooner Catharine, et al. v. Dickinson, et al., 1854, 58 U.S. (17 How.) 170, 178, 15 L.Ed. 233; The Eugene F. Moran, 1909, 212 U.S. 466, 477, 29 S.Ct. 339, 53 L.Ed. 600; Halcyon Lines v. Haenn Ship Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318.

8. See the elaborate discussion in N. M. Paterson & Sons, Ltd. v. City of Chicago, N.D.Ill.1962, 209 F.Supp. 576, 583–591; see also Gilmore & Black, The Law of Admiralty, § 7.4 and § 7.20, pp. 402–404 and 438–442.

9. See DeGioia v. United States Lines Co., 2 Cir. 1962, 304 F.2d 421; Paliaga v. Luckenbach Steamship Co., 2 Cir. 1962, 301 F.2d 403; A/S J. Ludwig Mowinckels R. v. Commercial Stevedoring Co., 2 Cir. 1958, 256 F.2d 227; Shannon v. United States, 2 Cir. 1956, 235 F.2d 457; Holley v. S.S. Manfred Stansfield, E.D.Va. 1960, 186 F.Supp. 805; Amato v. United States, S.D.N.Y.1958, 167 F.Supp. 929; Pure Oil Co. v. Geotechnical Corp. of Delaware, E.D.La.1955, 129 F.Supp. 194.