Richard **LEGLER**, Plaintiff,

v.

Don R. **MERIWETHER** and
Pat Mueller, Defendants.

Pat **MUELLER** (Kennish), Defendant and
Third-Party Plaintiff-Appellant,

v.

UNITED STATES **FIDELITY & GUAR-
ANTY COMPANY**, Third-Party
Defendant-Respondent.

No. 24205.

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

Motion for Rehearing and for Transfer to
Supreme Court Denied June 7, 1965.

Application to Transfer Denied July 12, 1965.

Elwyn L. Cady, Jr., Kansas City, for plaintiff.

Carl E. Enggas, Darrell L. Havener, Clayton R. Smalley, Kansas City, for defendants.

HUNTER, Judge.

This appeal arises out of an action for alleged malpractice. Richard Legler, plaintiff, filed suit in the sum of $1,047,687.25 against Don R. Meriwether, a physician and Pat Mueller, a registered nurse, appellant, for their alleged negligence on December 7, 1961, in administering the anesthetic while plaintiff was undergoing an operation. Appellant called on United States Fidelity & Guaranty Company, a corporation, referred to as U.S.F. & G., to assume her defense under a certain insurance policy. Upon its refusal and disclaimer of coverage, as third party plaintiff, appellant interpleaded by third party petition U.S.F. & G. as third party de-

fendant alleging its policy obligated it to provide her defense and to pay any judgment Legler might obtain against her and that by its refusal to do so she had been caused to engage her own attorneys, investigators and specialists to defend. U.S.F. & G. filed its verified answer to the third party petition denying that appellant was insured under or covered by the mentioned policy of insurance, and moved for summary judgment, supported by affidavits. Before the trial court had an opportunity to rule on the motion, the principal action involving malpractice was settled and the petition dismissed with prejudice. Appellant did not participate in or know of the settlement until after it was made and until after the dismissal with prejudice of the petition. It is her position she had incurred substantial expenses in employing her attorney and her experts in preparing to defend and that she is entitled to reimbursement of these expenses by U.S. F. & G. The trial court sustained the motion for summary judgment and entered judgment for U.S.F. & G. This appeal followed.

The parties concede it is the law that a summary judgment should not be granted unless it clearly appears that there is no genuine issue as to a material fact. It is appellant's contention that there was a genuine issue of fact and that the trial court erred in granting the summary judgment. Appellant further contends the trial court should have granted partial summary judgment to her and have proceeded to docket the cause for trial on the issue of damages resulting from U. S. F. & G.'s failure to defend.

■ We proceed to set out from the record that which bears on the question of whether there was a genuine issue of fact. In so doing we adhere to the rule that on a motion for summary judgment the record must be viewed in the light most favorable to the party against whom the summary judgment is sought. Civil Rule

74.04; Cooper v. Finke, Mo.Sup., 376 S.W. 2d 225.[1]

Don R. Meriwether is one of four medical doctors practicing as partners under the name "Hugh S. Mathewson, M.D. & Associates". These partners in 1961, until September 17th, were insured by U.S.F. & G. pursuant to general liability insurance contract No CGL 251037 and during the remainder of 1961, including December 7, 1961, by subsequent Policy No. CGL 251373. Appellant was not named as an insured in either policy. Both of these policies contained the following definition of insured: "III. Definition of Insured. The unqualified word 'Insured' includes the Named Insured and also includes any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the Named Insured. If the Named Insured is a partnership, the unqualified word 'Insured' also includes any partner therein but only with respect to his liability as such."

Appellant by affidavit stated the facts upon which she relies as making her an insured and giving her coverage under the the policy and further stated this would be her testimony in the trial of her cause. We quote her statement in full: "In about July, 1961, Hugh S. Mathewson, on behalf of Hugh S. Mathewson and Associates ("the Group"), approached me about working for the group as a nurse anesthetist. In response to my inquiry about employment benefits, he said that "it was a real good thing to work there because a doctor was always standing behind you * * * with words of advice * * * and you were included in the group liability policy" in those words or words substantially the same. He said they ("the Group") would pay my liability insurance and would cover me in their group liability policy.

"Other employment situations with which I was in touch did not have the group lia-

bility coverage which I considered a substantial benefit in choosing employment. Because of the attractiveness of the offer made by Dr. Mathewson, I cancelled a previous job offer and went to work for the Group in about August, 1961.

"It was common knowledge among the nurse anesthetists and other employees of the Group, and it was expressly and repeatedly stated to us who were nurse anesthetists by the Group, that we nurse anesthetists were fully covered by professional liability insurance by a policy carried in the name of the Group which would afford each of us coverage so long as we remained in the employ of the Group and so long as we were practicing anesthesia at St. Luke's Hospital, or elsewhere, if and as directed by a partner of the Group."

It is appellant's legal theory that she was covered by the mentioned insurance policy (CGL 251373) for the reason that under the presented facts Dr. Mathewson must be deemed to be the agent of U. S. F. & G., and this because (1) the Missouri rule in group insurance is that the employer is agent for the insurance company, and (2) U. S. F. & G. is estopped to deny that coverage under an existing group policy was afforded her.

It is respondent's contention that assuming the truth of all the "facts" as set out in appellant's affidavit and the other uncontroverted facts related herein there remained only a question of law which the trial court correctly decided in respondent's favor resulting in the summary judgment for respondent.

 While a summary judgment is not to be granted unless it clearly appears there is no genuine issue as to a material fact, there may be a formal issue presented by the pleadings but shown by affidavit or otherwise not to be genuine. Civil Rule 74.04 (e); Durasteel Co. v. Great Lakes Steel Corp., 8 Cir., 205 F.2d 438, 441; Committee Note, Civil Rule 74.04. A summary judg-

---

1. All Civil Rule citations are to V.A.M.S.

ment should be rendered if the pleadings, depositions, and admissions on file, together with the affidavits show there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. Civil Rule 74.04(c).

Appellant does not claim she was a named insured under the professional liability policy issued to the partnership. Uncontroverted affidavits of Insurer and Dr. Mathewson state that Dr. Mathewson occupied only the position of an insured and had not been authorized in any manner to act as agent of the insurer. Appellant's entire theory of coverage is premised on the legal effect of the alleged representations made to her by Dr. Mathewson as set out in her affidavit. Her specific contention, as mentioned, is that in group insurance the employer is agent for the insurance company.

■ "Group Insurance" as that term is generally understood is a contract of insurance whereby a group of persons, usually employees of a business concern, in consideration of a flat periodical premium are insured so long as he or she remains in such employment and the premiums are paid. See, Couch on Insurance, (2d Ed.), Section 1:54, page 69. The insurance contract in the instant case is not of the above described "Group Insurance type and we need not determine the rules that might apply to that type of contract. See, 29A Am.Jur., Insurance, Section 1766, page 840; 1 Appleman, Insurance Law and Practice, Section 43, page 56, note 6, and Missouri cases cited there. Rather, it is a partnership liability insurance contract insuring the named partners against malpractice exposure. It does not purport to include as assureds any employees of the partners. So viewed it is clear from this record that Dr. Mathewson was not actually or impliedly authorized by the insurance company to add employees' names as insureds under the policy. See, 3 Am.Jur.2d, Agency, Sections 17, 18, pages 428–29.

■ Bluntly restated, appellant's contention is that simply because she was told by a member of the insured partnership that she was a named insured and relied thereon that she became an insured. This is unsound for it would result in holding that because a partner in a partnership is insured this in and of itself makes him an agent of the insurance company, authorized to bind it without its knowledge or consent on a contract not otherwise giving such coverage and for which coverage it received no premium. We know of no rule of law that would result in such a holding, and find no merit in this contention of appellant.

■ Appellant's other contention is that the insurance company was estopped to deny coverage. This, too, is without merit and for two reasons. First, it is the law that while estoppel may prevent an insurer from asserting a defense *to coverage otherwise provided* by an insurance policy it cannot be used to create insurance coverage where it would not otherwise exist. Blew v. Conner, Mo.App., 310 S.W.2d 294, 303, Mo.Sup., 328 S.W.2d 626; 16 Appleman, Insurance Law & Practice 629; 29A Am.Jur., Insurance, 289; 45 C.J.S. Insurance § 616. Second, the doctrine of estoppel contemplates the estopped party misrepresents a material fact, and it is the insured partner, not U.S.F. & G., who is alleged to have made the misrepresentation. State ex inf. McKittrick, ex rel. City of California v. Missouri Utilities Co., 339 Mo. 385, 96 S.W.2d 607, 614–615, 106 A.L.R. 1169. See, especially, 1 Appleman, Insurance Law and Practice, Section 43, page 57, note 8. While appellant has not extended her estoppel contention to include estoppel by U.S.F. & G. to deny the agency of Dr. Mathewson, we note there is no claim that *U.S.F. & G.* did anything to create the appearance upon which third parties could rely and believe that such agency had been authorized.

The trial court did not err in entering its summary judgment for respondent. The judgment is affirmed.

All concur.