560

**MARYLAND CASUALTY COMPANY,**
Plaintiff,

v.

**The FIDELITY & CASUALTY COM-
PANY OF NEW YORK, Defendant.**

**Civ. A. No. 16573-3.**

United States District Court,
W. D. Missouri, W. D.

March 31, 1970.

As Amended May 28, 1970.

Bruce Houdek, James & McCanse, Kansas City, Mo., for plaintiff.

Robert S. McKenzie, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Mo., for defendant.

## AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DECLARATORY JUDGMENT FOR DEFENDANT

BECKER, Chief Judge.

This is an action for declaratory judgment under Section 2201 of Title 28, United States Code, in which plaintiff ("Maryland" hereinafter) seeks a declaration that defendant ("Fidelity & Casualty" hereinafter) is liable to plaintiff because plaintiff defended a personal injury action against plaintiff's insured, Ri-Mar Master Market ("Ri-Mar" hereinafter), by an employee of defendant's insured.

The remedy of declaratory judgment appears to be appropriate under the unusual circumstances presented. Diversity of citizenship and the requisite jurisdictional amount are present.

The facts upon which this controversy is based are not in dispute. They are recited in the parties' stipulation of facts herein as follows:

"1. On January 19, 1963 defendant The Fidelity & Casualty Company of New York had in force its automobile policy insuring Western Dairy and Ice Cream Company as named insured and covering an automobile truck used on said date by its employee Lawrence Sprauge in making a delivery of milk to the Ri-Mar Master Market at Brookfield, Missouri. The policy provided bodily injury liability insurance for damages caused by accident arising out of the ownership, maintenance or use of the truck. The definition of insured provisions of the policy stated, ' * * * the unqualified word "insured" includes the named insured and * * * any person while using the the automobile and any person or organization legally responsible for the use thereof provided the actual use of the automobile is by the named insured or * * * "with his permission." The use of the automobile is defined to "include the loading and unloading thereof." An exclusion provides "This policy does not apply * * * (d) under coverage A, to bodily injury to * * * any employee of the insured arising out of and in the course of * * * employment by the insured." '

"On said January 19, 1963 plaintiff Maryland Casualty Company had in force its Storekeeper's Liability Policy insuring Howard Riley d/b/a Ri-Mar Master Market of Brookfield, Missouri.

"Lawrence Sprauge while carrying cartons of milk from the aforesaid truck into the Ri-Mar Master Market allegedly slipped and fell on ice at the entrance way to the store and was injured. The Ri-Mar Master Market reported the accident to its insurer Maryland Casualty Company and that company on March 19, 1963 wrote to the Kansas City manager of defendant The Fidelity & Casualty Company of New York stating that the accident occurred from a loading and unloading operation and therefore demanded that defendant afford Ri-Mar Master Market the protection of its automobile policy if a claim should be made against it by Sprauge. On May 17, 1963 defendant's claims adjuster replied to plaintiff's letter of March 19, stating that the unloading operation

had ceased and declined plaintiff's demand.

"On February 27, 1965 Lawrence Sprauge filed a suit for damages against Howard Riley and Charles Bowen in the Circuit Court of Linn County, Missouri in which the petition alleged that Riley was the owner and Bowen was the manager employed by Riley in the operation of the Ri-Mar Master Market and that they had negligently failed to warn Sprauge of a dangerous accumulation of ice at the entrance to said store and had negligently failed to correct the condition by removal of the ice or by covering it with some material to correct its condition. Plaintiff Maryland Casualty Company provided those defendants with a defense and the trial resulted in a judgment in favor of Sprauge in the sum of $12,500.00 which judgment is pending on appeal. Neither Howard Riley nor Charles Bowen nor any of their agents or employees had any part whatever in the carrying of the milk from the truck into the store.

"2. The exhibits which the parties agree may be admitted into evidence are as follows:

"P. Ex. 1. A copy of a sample of the Automobile Insurance Policy issued by The Fidelity & Casualty Company of New York to the Western Dairy and Ice Cream Company.

"P. Ex. 2. A copy of a sample of the Storekeeper's Liability Policy issued by Maryland Casualty Company to Howard Riley, d/b/a Ri-Mar Master Market.

"P. Ex. 3. Plaintiff's letter of March 19, 1963 to the Kansas City manager of The Fidelity & Casualty Company of New York.

"P. Ex. 4. Defendant's claims adjuster's letter of May 17, 1963 to Maryland Casualty Company.

"P. Ex. 5. Copy of the petition in the suit of Lawrence Sprauge vs Howard Riley and Charles Bowen in the Circuit Court of Linn County, Missouri.

"It is agreed by the parties that the legal questions involved in this case pertain to the construction to be given to defendant The Fidelity & Casualty Company of New York's Automobile Policy issued to Western Dairy and Ice Cream Company, P. Ex. 1. Plaintiff claims that the definition of insured or omnibus provisions of the policy together with the provision that use of the vehicle insured includes the loading and unloading thereof extends the coverage to insure Riley and Charles Bowen who are the defendants in the suit brought by Lawrence Sprauge. Defendant contends that neither Howard Riley nor Charles Bowen nor any of their employees were using the truck in loading or unloading it at the time of the accident and therefore they are not additional insureds under the policy. Defendant futhermore contends that inasmuch as Sprauge was an employee of its insured Western Dairy and Ice Cream Company bodily injuries to him are excluded under the terms of the policy.

"Plaintiff claims that defendant's claims adjuster's letter denying coverage to Ri-Mar Master Market did not state a valid reason and therefore the policy covers Riley and Bowen. Defendant claims that it did not waive any of the provisions of its policy, that it is not estopped from refusing coverage to Riley and Bowen and that insurance coverage for additional insureds is not created by waiver or estoppel."

Both plaintiff and defendant move for summary judgment.

■ The United States Court of Appeals for the Eighth Circuit has recently held, in Cepeda v. Swift & Company (C.A. 8) 415 F.2d 1205, that summary judgment has particular applicability and is desirable in contract construction cases where the contract is unambiguous. That is the case at bar, in which the policy issued by defendant Fidelity &

Casualty distinctly and unequivocally excludes coverage for bodily injury to employees of its insured sustained in the course of employment by its insured, Western Dairy and Ice Cream Company ("Western" hereinafter). Although the provisions of a contract of insurance are generally to be construed liberally in favor of the insured, there appears to be no reasonable construction of the policy issued by Fidelity & Casualty which could bring a claim for injuries by the employee Sprauge against Ri-Mar, Maryland's insured, within its coverage. The employee exclusion in question is specific and clearly applies in this case.

Plaintiff, however, in also moving for summary judgment, asserts that Ri-Mar comes within the omnibus provision of the policy issued by Fidelity & Casualty as a user of the insured vehicle with the permission of the named insured of Fidelity & Casualty Western (the owner of the vehicle). Based on the user contention, plaintiff impliedly contends that Ri-Mar is an insured under the omnibus clause and a severable insured under the "severability of interest" clause; and that therefore the employee exclusion clause does not exclude claims of the employees of the insured against Ri-Mar, as an insured. Cf. General Aviation Supply Co. v. Insurance Co. of North America (E.D. Mo.) 181 F.Supp. 380, affirmed (C.A. 8) 283 F.2d 590, distinguished and not followed in Hanover Ins. Co. v. Travelers Indemnity Co. (E.D. Mo.) 210 F. Supp. 765.

But, under the facts stipulated by the parties, no official or employee of Ri-Mar was involved in the driving or unloading of the vehicle at the time of the injury to Sprauge. Plaintiff argues, citing Simpson v. American Automobile Insurance Company, Mo.App., 327 S.W.2d 519, l.c. 525, that "the delivery of the products was essential to the operation of the market and that the accident would not have occurred but for the delivery by use of the truck" and that, therefore, "[u]nder these circumstances, Ri-Mar is a user of the truck under the policy." This argument is not sound for several reasons.

█ There are many facts in *Simpson* which distinguish it from this case in this respect on the user question. For example, in *Simpson,* the business concern to whom the delivery was made was named as a co-insured in the insurance policy and its employee was held to be guilty of the negligence which caused the injury to the truck owner's driver. Nevertheless the employee exclusion was held to exclude coverage. In the case at bar, further, it is clear that the truck was being driven and managed by Sprauge, over whom Western had the exclusive right of control. As noted above, no employee of Ri-Mar was engaged in the unloading. The truck was thus on the business of Western, and Ri-Mar cannot be construed to be the "actual user" as contemplated by the policy.[1] But the question of coverage of Ri-Mar by the defendant as an actual user is not decisive. The *Simpson* case is conclusive on exclusion of coverage in this case. Assuming, but not holding, under applicable state law, that Ri-Mar

---

1. The cases are divided on the question of whether "actual use" of a vehicle includes unloading. See Sayre, Coverage Problems Relating to the Policy Terms "Arising out of the Use of" and "using" a Vehicle, 36 Insurance Counsel J. 253, 257, n. 30. But see *contra* Columbia Southern Chemical Corp. v. Manufacturers & Wholesalers Indem. Exch., 190 Cal.App.2d 194, 11 Cal.Rptr. 762; American Auto Ins. Co. v. American Fid. & Cas. Co., 106 Cal.App.2d 630, 235 P.2d 645. It has generally been supposed that the "completed-operation" doctrine applies in Missouri to include unloading as an "actual use" of the truck. Maryland Cas. Co. v. Dalton Coal & Material Co. (C.A.8) 184 F.2d 181. But neither the *Maryland Cas. Co.* case, nor Schmidt v. Utilities Ins. Co., 353 Mo. 213, 182 S.W.2d 181, 154 A.L.R. 1088, upon which it relies, involves the liability of a premises owner to an employee of an insured who was unloading the vehicle. Further in the *Maryland Cas. Co.* case, it is said that the Missouri law on this precise question is "unsettled." As pointed out in the body of the opinion, however, this point is not determinative of this case.

was involved in unloading the truck and thereby using it, nevertheless the employee exclusion provision applies. Simpson v. American Automobile Insurance Company, *supra*. The injury in question was to an employee, Sprauge, of the insured employer Western, the insured of defendant Fidelity & Casualty. Sprague was injured within the scope of employment of Western. The purpose of the exclusion in question "was to withdraw from coverage certain injuries, namely, 'bodily injury to * * * any employee of the insured while engaged in the employment, * * * of the insured.'" Simpson v. American Automobile Insurance Company, *supra*, at 528. Therefore, the injury to Sprauge is clearly excluded from coverage of the policy of defendant.

It is apparently the argument of plaintiff in opposition to this rule that, because the policy of defendant contains a "severability of interest" clause pertaining to the named and unnamed insureds under the omnibus clause (wherein it is specified that the term "insured" is used "severally and not collectively"), therefore the exclusion of the policy of claims for injuries to employees of the "insured" should be limited and confined to the claims of the employer (Ri-Mar) who commits the tort or seeks protection as a severable insured user under the omnibus clause. It was so held in Standard Oil Company of Texas v. Transport Insurance Co., Tex.Civ.App., 324 S.W.2d 331, l.c. 384, relied on in the *General Aviation* case, *supra*. Thus, if Ri-Mar was the user of the truck, plaintiff might argue that it was the "insured" and therefore the "severability of interest" clause (excluding coverage of claims for injuries to employees of the "insured") would in this instance exclude only claims for injuries to the employees of Ri-Mar, thus bringing a claim for injuries to Sprauge (Western's employee) within the coverage of defendant's policy. See also General Aviation Supply Co. v. Insurance Co. of North America, *supra* (involving Ohio law). But, in respect of Missouri jurisprudence, the case law is contrary to the rule advocated by plaintiff and holds that a "severability of interest" clause does not operate to extend coverage to claims for injuries to the named insured's employee. Hanover Ins. Co. v. Travelers Indemnity Co., *supra*.

Plaintiff further argues that defendant cannot now raise the defense that Ri-Mar was not an "actual user" of the vehicle. Plaintiff, in support of this contention, states that, as stipulated, defendant's claims adjuster, in his letter of May 17, 1963, refused plaintiff's claim because "[w]e have come to the conclusion that due to the facts of the case and with regard to the first place of deposit or coming to rest theory that the unloading operation had ceased and that the liability rests with the premises' carrier, namely yourself." Plaintiff contends that this implied a waiver of the defense that Ri-Mar was not an "actual user" and further contends that defendant cannot prevail on the "first place of deposit or coming to rest theory" because the "completed operations doctrine" applies in Missouri. Maryland Casualty Company v. Dalton Coal and Material Company (C.A. 8) 184 F.2d 181. For the principle that, since defendant denied liability for one reason, it cannot later assign other reasons, plaintiff cites State Farm Mutual Insurance Company v. Central Surety & Insurance Corporation, Mo.App., 405 S.W. 2d 530. That case, however, is not authority for allowing coverage where there is none. The assertion of exclusion of coverage is not the type of "defense" refered to in *State Farm, supra*. Ri-Mar was not covered as an insured and claims for injuries to employees of Western were excepted from the risks covered. Coverage cannot be extended by the waiver doctrine. Cf. Legler v. Meriwether, Mo.App., 391 S.W.2d 599; Blew v. Connor, Mo.App., 310 S.W.2d 294. "[T]he doctrines of waiver and estoppel cannot be used to extend the coverage of an insurance policy or create a primary liability." 16A Appleman, Insurance Law and Practice § 9090, p. 341.

So the waiver contention is not applicable to create coverage of an excepted risk.

It is therefore

Ordered that plaintiff's motion for summary judgment be, and it is hereby, denied. It is further

Ordered that defendant's motion for summary judgment be, and it is hereby, granted. It is further

Ordered, declared and adjudged that declaratory judgment be, and it is hereby, entered in favor of defendant and against plaintiff and defendant is accordingly declared not liable to plaintiff on the policy of insurance herein.