**Mrs. Oleta GRAVITT, Individually and as Executrix of the Estate of T. O. Gravitt, Deceased, et al.**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY and American Telephone and Telegraph Company.**

**James H. ASHLEY**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY et al.**

**Civ. A. No. SA75CA117.**

United States District Court,
W. D. Texas,
San Antonio Division.

April 27, 1976.

Pat Maloney, San Antonio, Tex., for plaintiffs.

---

**23.** *United States v. Yanishefsky*, 500 F.2d 1327, 1331 (2d Cir. 1974).

Jack Hebdon, Hubert W. Green, James E. Barden, San Antonio, Tex., for defendants; Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel.

## ORDER REMANDING CASE TO STATE COURT

SPEARS, Chief Judge.

This lawsuit was initially instituted in state court on November 15, 1974. Before its removal to this Court on May 8, 1975 almost six months of pretrial and discovery had been conducted, and a definite trial date had been set for July 11, 1975. Despite this, the parties have constantly bombarded this Court with numerous pretrial and discovery matters ever since the case was removed, and there are no indications that the case is yet ready for trial. In this connection, the records in the office of the Clerk reflect that for the period of time the case has been in this Court, 327 separate docket entries have been made, the last as recent as April 21, 1976.

As was pointed out by this Court in a prior opinion denying the first motion to remand,[1] the improvident filing by plaintiffs of an amended complaint brought about the removal to this Court, and the defendants, having been handed the opportunity on a silver platter, immediately seized upon the totally unexpected turn of events to transfer the case to the forum of their choice.

Now, however, the situation has dramatically changed. It appears that in a 1968 suit filed in Harris County, Southwestern Bell swore that it was a "corporation, duly organized under and by virtue of the laws of the State of Texas, and domiciled in Dallas, Texas, where it has its principal office of business". The plaintiffs argue, therefore, that under the doctrine of judicial estoppel, Southwestern Bell is estopped to allege its Missouri domicile as a basis for diversity jurisdiction in the instant case, and this Court agrees, the protestations of Southwestern Bell to the contrary notwithstanding.[2] Having previously elected to make its judicial bed in Texas, it must now lie in it. It cannot enjoy the best of two worlds.

The Supreme Court of Texas in *Long v. Knox*, 1956, 155 Tex. 581, 291 S.W.2d 292, 295, in explaining the doctrine of judicial estoppel, said that "a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made", and that "it is not necessary that the party invoking this doctrine should have been a party to the former proceeding".

In *Johnson Service Co. v. Transamerica Insurance Co.*, 485 F.2d 164 (5th Cir. 1973), the Fifth Circuit Court of Appeals discussed the doctrine of judicial estoppel at some length, and concluded that it "is a technical rule designed to meet [the] needs of broad public policy", and is "directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings. . . ."

So, after virtually monopolizing the time and energies of a state court for six months, and a federal court for almost a year, this case has come full circle. It was removed to federal court as the result of a fluke, pure and simple, and it must be remanded to the state court because of a doctrine "designed to meet the needs of [a]

---

1. *Gravitt v. Southwestern Bell Telephone Co.*, 396 F.Supp. 948 (W.D.Tex.1975).

2. In an affidavit filed by the attorney who represented Southwestern Bell in the 1968 case, it is stated that the plea of privilege filed therein, which contained the quoted language, was "intended to refer only to the fact that Southwestern Bell is duly licensed to do business as a foreign corporation in the State of Texas". However, "a corporation, duly organized under and by virtue of the laws of Texas", constitutes a clear and unambiguous allegation concerning Southwestern Bell's state of incorporation, and could hardly be characterized as the description of a foreign corporation duly licensed to do business in Texas. Significantly, the Texas venue provisions are more favorable to domestic corporations than they are to foreign corporations. *Commercial Ins. Co. of Newark v. Adams*, 369 S.W.2d 927 (Tex.Sup.Ct.1963).

broad public policy". In the end, however, justice is done, since the case will now be tried in the forum in which it was originally filed, and where, except for the bungling of plaintiffs, it would have remained.

Accordingly, it is ORDERED, ADJUDGED and DECREED that this action was improperly removed, and that the plaintiffs' second motion to remand be, and the same is hereby, GRANTED. The Clerk of this Court is directed to return to the state court from whence they came, all records and proceedings received therefrom by this Court, as well as all records and proceedings filed in this Court since the removal date.

It is FURTHER ORDERED that the plaintiffs recover all their costs and disbursements by reason of the improper removal of this action, as provided by Title 28, United States Code, Section 1446(d).