Paul S. TAYLOR, d/b/a Taylor Towing Service, Appellee,

v.

COMMERCIAL UNION INSURANCE COMPANY, a corporation, Appellant.

No. 79–1355.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1979.

Decided Jan. 22, 1980.

Rehearing Denied Feb. 12, 1980.

Milton I. Goldstein, St. Louis, Mo., argued, for appellant; Gary T. Sacks and Paul R. Hales, St. Louis, Mo., on brief.

James E. Reeves, Ward & Reeves, Caruthersville, Mo., for appellee.

Before LAY,* Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant, an insurance company, appeals from a judgment by the District Court for the Eastern District of Missouri holding appellant liable to indemnify appellee under an insurance policy for certain losses, and holding appellant liable for a statutory penalty and attorney's fees based on vexatious refusal to pay appellee's claim. For the reasons stated below, we affirm the judgment of liability under the insurance policy, but reverse as to liability for vexatious refusal to pay the claim.

The insurance claim at issue in this case arose out of damage to the dock of Pasco Marketing, Inc. (hereinafter Pasco). The facts are reported in *Pasco Marketing, Inc. v. Taylor Towing Service, Inc.*, 554 F.2d 808 (8th Cir. 1977), *rev'g* 411 F.Supp. 808 (E.D. Mo.1976) (hereinafter *Pasco*). Briefly, in January, 1973, Taylor Towing Service took into tow two barges belonging to Security Barge Line, Inc. (hereinafter Security), in order to bring the barges to dock. When the dock was full, Taylor Towing Service, as provided by its towing agreement with Security, tied the barges to a tree with cable belonging to Security. Three days later, the cable snapped. The barges drifted off and crashed into Pasco's dock near New Madrid, Missouri.

At the time of this 1973 breakaway, Taylor Towing Service was in form of ownership an individual proprietorship owned by Paul S. Taylor, the appellee in this case. An insurance policy then in force issued by appellant named as the insured Paul S. Taylor d/b/a Taylor Towing Service, and covered tower's liability in the amount of $50,000 (with a $2,500 deductible). This policy lapsed in August, 1973, and another similar policy was issued to cover the year commencing August, 1973. In January, 1974, Taylor and his wife formed a corpora-

---

* The Honorable Floyd R. Gibson was Chief Judge at the time this case was argued and submitted. Effective January 1, 1980, Honorable Donald P. Lay became Chief Judge.

tion, Taylor Towing Service, Inc., and Taylor transferred the business that had been operated under the name Taylor Towing Service to this corporation. The corporation was fully owned by appellee and his wife, and operated by appellee in the same manner as he had managed the predecessor individual proprietorship.

In June, 1974, Pasco filed its lawsuit against Security and Taylor Towing Service, Inc., seeking relief for the damages to its dock. Taylor forwarded the summons and complaint, both of which named "Taylor Towing Service, Inc., a corporation," to appellant's local agent. In July, 1974, the agent forwarded the complaint to appellant with a blind postscript suggesting that appellee had agreed there was no coverage because the barges were not in tow but moored when the accident happened. (The district court found that this suggestion was false.) The blind postscript also requested a letter from appellant to affirm this asserted absence of coverage, as the agent lacked authority to determine coverage under the policy.

Instead of immediately reaffirming the local agent, in early August, 1974, appellant's senior adjuster requested more information from appellee's attorney about the cause of the barge's breakaway. Appellee responded by providing an account of the breakaway, and also by emphasizing that the claim in the *Pasco* lawsuit was founded on a tower's liability theory. In late August, 1974, appellant's senior adjuster replied, "we still do not see how this loss is a tower's liability exposure," and stated appellant's refusal to defend appellee in *Pasco*. Appellant's opinion was that because the barges had been moored for three days prior to the breakaway, liability would adhere if at all on the basis of wharfing, rather than towing, operations.

Subsequently, *Pasco* was determined adversely to Taylor Towing Service, Inc. In 1977, a divided panel of this court held that Security was liable for damages to Pasco's dock because Security had failed to rebut the presumption that the moving vessel which caused the damage was at fault. 554 F.2d at 811. However, the majority, invoking another presumption of liability on the part of the tower when an unexplained breakaway occurs a short time after mooring,[1] held Taylor Towing Service, Inc., liable to indemnify Security for the loss. *Id.* at 812. In December, 1977, Taylor Towing Service, Inc., indemnified Security in the amount of $51,001.01.

Appellee subsequently brought this action in Missouri circuit court seeking indemnity under the insurance policy for the amount paid by Taylor Towing Service, Inc., to Security. Appellee also sought a penalty of ten percent of the loss and attorney's fees available under Missouri law when an insurance company "has vexatiously refused to pay such loss. . . ." RSMo. § 375.420. On appellant's motion, the case was removed to the United States District Court for the Eastern District of Missouri. In defense appellant asserted, *inter alia*, that the tower's liability had been incurred by the Taylor Towing Corporation, not Paul S. Taylor, who personally had suffered no loss upon which to base his claim.

The district court found that appellant, in its August, 1974, letter, had refused to defend appellee in the *Pasco* lawsuit or pay the resulting claim against appellant solely on the ground that the tower's liability coverage in appellant's insurance policy did not apply to the damages to Pasco's dock caused by the breakaway barges. The court concluded that other defenses to the claim not asserted at the time of this rejection had been waived. Therefore, the court concluded that appellant could not avail itself of the defense that no claim for a loss suffered by Taylor Towing Service, Inc., would lie under the insurance policy covering Taylor individually.

The district court found also that the failure to pay the claim was vexatious because appellant intended to evade liability,

---

1. Judge Webster, formerly of this court, dissented on the grounds that the three-day interval between mooring and breakaway was not a short time for purposes of invoking the presumption of tower's liability. 554 F.2d at 812 (Webster, J., dissenting).

as evidenced by the blind postscript in the referral of appellee's claim by appellant's agent, and because appellant also requested additional unnecessary investigation by the attorney of Taylor Towing Service, Inc.[2] The court awarded appellant $51,001.01 (less $2,500 deductible) under the policy, $1,360 attorney's fees incurred in defense of the *Pasco* actions, $4,850.10 as a penalty amounting to ten percent of the loss and a reasonable attorney's fee for the instant case.

For reversal appellant argues that the district court erred in ordering appellant to pay a loss suffered by Taylor Towing Service, Inc., a corporation, when the named insured in the policy at issue was an individual, Paul S. Taylor d/b/a Taylor Towing Company.[3] Appellant argues that under Missouri law coverage under a policy cannot be extended by waiver or estoppel beyond the terms of the policy. Thus, appellant takes issue with the broad statement of the district court that, under Missouri law, when an insurance company declines liability it waives all defenses not asserted at that time. We agree that under Missouri law waiver cannot create coverage in circumstances where coverage is specifically excluded or never included under the terms of an insurance policy. *See Maryland Casualty Co. v. Fidelity & Casualty Co.*, 313 F.Supp. 560 (W.D.Mo.1970); *Weber v. Union Life Insurance Co.*, 394 S.W.2d 565 (Mo. App.1965).

We doubt that a policy insuring Taylor personally could be interpreted to apply to a loss suffered by a corporation, on the theory that the insurance company had waived its right to limit responsibility under the policy to losses of the named insured. Such an application of the policy to losses suffered by a party other than the named insured would have the effect of providing coverage where none existed under the policy's own terms, a result that could not be reached by waiver. As appellant points out, the corporation suffered the judgment and paid the judgment; the insured, Paul S. Taylor, did not personally incur tower's liability in *Pasco*. The insurance policy in question did not cover losses suffered by corporations in which appellee was a shareholder. Regardless what agreement or right or defense is waived, the policy by its terms provides no basis for extending coverage to the corporation.

However, the insurer may be estopped from asserting a defense where appropriate, even where the effect is that the insured may recover a benefit not provided by the terms of the policy. *Oklahoma Morris Plan Co. v. Security Mutual Casualty Co.*, 455 F.2d 1209 (8th Cir. 1972); *Salerno v. Western Casualty & Surety Co.*, 336 F.2d 14 (8th Cir. 1964), *aff'g* 224 F.Supp. 584 (E.D.Mo.1963); *Martinelli v. Security Insurance Co.*, 490 S.W.2d 427, 433 (Mo.App. 1972). The difference between waiver and estoppel is significant in this case. *See generally* 16A J. Appleman, Insurance Law and Practice § 9081 (1968) (hereinafter Appleman).

---

**2.** The district court also based its holding on an affidavit in the instant case in which appellant's senior adjuster denied that it had rejected the Taylor Towing Service claim at all in August, 1974. Appellant persists in claiming before this court that there was no August, 1974, rejection of the claim. The district court found the affidavit to be untrue and we see no error in that finding. However, we note that the affidavit, while it incorrectly characterizes appellant's position in August, 1974, does not misstate the underlying facts upon which the conclusion is based.

**3.** Appellant relies on a Rhode Island case, *New England Box & Barrel Co. v. Travelers Fire Ins. Co.*, 63 R.I. 315, 8 A.2d 805 (1939), in which the named insured was an individual and, prior to a fire loss, the insured property was transferred to a corporation owned by the same individual. The court held that the corporation was not insured, even though the insurer had accepted premiums paid by the corporation. We note that the insured individual in that case did not own the property at the time of the damage, while in this case appellee did own the towing service when the Pasco dock was damaged. *See also Weisfeld v. St. Paul Fire & Marine Ins. Co.*, 236 F.Supp. 496 (S.D.Tex.1964), *aff'd*, 354 F.2d 241 (5th Cir. 1966). *But see DeMun Estate Corp. v. Frankfort Gen. Ins. Co.*, 196 Mo. App. 1, 187 S.W. 1124 (1916). This is precisely the defense that appellant is estopped from asserting, as we hold *infra*.

We find that the requirements under Missouri law for estoppel are met here. *See Salerno v. Western Casualty & Surety Co., supra,* 336 F.2d at 20 & n.2. Appellee relied to his detriment on a material misrepresentation made by appellant, despite appellant's knowledge of the material facts. The detriment is apparent from the fact that appellant made no objection to, and in fact encouraged, appellee's defense as a corporation to the *Pasco* lawsuit in 1973. Aside from the position appellant now takes in this lawsuit, no reason appears on this record why appellee would have made an issue out of defending as a corporation.[4] The same business was involved. Appellee was the manager of the business both as individual proprietorship and as corporation. Appellee in fact satisfied the judgment out of funds in the business account.

There is no dispute that the insurance policy covered Taylor Towing Service at the time when the barge breakaway occurred, and when the claim was filed. In the subsequent exchange of letters, appellant conducted itself as if the policy did apply to cover Paul S. Taylor's corporate successor in ownership of the towing service. When appellee forwarded the *Pasco* summons and complaint to appellant in July, 1974, appellant received clear notice that Pasco was pursuing its claim against a corporation, and that, despite the evaluation as to the scope of coverage by the local agent and appellant, appellee nevertheless regarded the claim as covered under the policy. Appellant gave every indication that it agreed, by requesting that appellee's attorney further investigate the breakaway. Appellant's conduct was thus inconsistent with an assertion that the claim against Taylor Towing Service, Inc., was not covered by the Taylor Towing Service policy. Coverage is not expanded in this case; instead, appellee's continuing reasonable reliance that the Taylor Towing Service policy covered the loss is the basis of liability. Appellant is estopped from denying it.[5] *Cf. Oklahoma Morris Plan Co. v. Security Mutual Casualty Co., supra,* 455 F.2d 1209 (similar estoppel based on insurer's acceptance of premium from party claiming insurance); *see also* 16A Appleman, § 9088 at 333–34 (1968).

Appellant also contests the holding that it vexatiously refused to pay appellee's claim. The trial court based its award on findings that the refusal to pay the claim was a willful effort to avoid liability under the insurance policy involved. These findings do not support an award for vexatious refusal to pay the claim in this case, where the legal issues relating to liability and coverage have been in legitimate dispute.[6]

4. Appellant argues that appellee is estopped from claiming he personally suffered the loss, because appellee defended the *Pasco* suit as a corporation. Appellant accuses appellee of taking inconsistent positions that the towing business was a corporation in order to limit his liability to corporate assets in the *Pasco* case, but that the towing business was a sole proprietorship in order to recover under the insurance policy. *Cf. Gravitt v. Southwestern Bell Tel. Co.,* 416 F.Supp. 830 (W.D.Tex.1976) (corporation estopped from asserting different domicile than its officers had sworn to in previous case.) But there is no evidence that appellee sought any advantage in the *Pasco* lawsuit by defending as a corporation; in fact, appellee fully satisfied the judgment and therefore did not avoid liability by defending as a corporation.

5. In cases involving claims precluded by specific exceptions in insurance policies, Missouri courts have made broad statements that coverage cannot be created by an estoppel. Of course, where there is a specific exclusion in a policy, it is unlikely that the insured would rely upon coverage. Therefore, one of the essential elements of an estoppel, reliance, would usually be missing in such a case. *See, e. g., Martinelli v. Security Ins. Co., supra,* 490 S.W.2d at 434; *Blew v. Conner,* 328 S.W.2d 626 (Mo.1959), explained in *Salerno v. Western Cas. & Sur. Co., supra,* 224 F.Supp. at 589. In the instant case, the tower's liability was covered under the policy, but appellant claims that the loss was actually incurred by a successor corporation. "[E]stoppel may prevent an insurer from asserting a defense *to coverage otherwise provided* by an insurance policy . . . ." *Legler v. Meriwether,* 391 S.W.2d 599, 602 (Mo. App.1965) (emphasis in original).

6. Appellee maintains that a finding of vexatious refusal to pay is supported by appellant's treatment of premiums under the Taylor Towing Service policy after the January, 1974, incorporation of the business. A policy insuring Taylor the individual was in effect between

"Where there [are] open question[s] of fact or law determinative of the insured's liability, the insurer, acting in good faith, may insist on judicial determination of such questions without subjecting itself to penalties for vexatious refusal to pay." *United States v. F. D. Rich Co.*, 439 F.2d 895, 905 (8th Cir. 1971); *General American Life Insurance Co. v. Wiest*, 567 S.W.2d 341, 346 (Mo.App.1978). Serious grounds for contesting liability have existed since this insurance claim was filed. In *Pasco*, both the district court (411 F.Supp. 808) and one judge of this court [7] expressed opinions that the claim would not be covered as tower's liability. Once tower's liability had been established, there remained the issues raised by the fact that a corporation, not plaintiff, paid the loss. Although we agree with the district court that appellant is liable to indemnify appellee, the difficulty of the issue is obvious from the fact that we rely on a somewhat different legal analysis. Thus, both before and during this litigation, appellant had arguable grounds for resisting the claim.[8] In these circumstances the refusal cannot be considered vexatious. *Delmar Bank v. Fidelity & Deposit Co.*, 428 F.2d 32 (8th Cir. 1970).

Nevertheless, we conclude that appellee is entitled to recover attorney's fees incurred in defending the *Pasco* case as part of the damages to be indemnified by appellant.[9] *Hutton v. Walter G. Hougland, Inc.*, 321 F.2d 595 (5th Cir. 1963); *see Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 491 F.2d 192 (8th Cir. 1974); *cf. State ex rel. Algiere v. Russell*, 359 Mo. 800, 223 S.W.2d 481 (Mo.1949) (indemnity liability under principal-agent relationship); *State ex rel. Moore v. Morant*, 266 S.W.2d 723 (Mo.App. 1954) (indemnity liability under constable's bond); *see generally* 7A Appleman, § 4552 at 497–98 (W. Berdal ed. 1979).

Accordingly, the judgment is affirmed in part and reversed in part, and remanded to the district court to enter judgment for appellee in the amount of $49,861.01 ($51,-001.01 for the tower's liability loss covered by the policy, plus $1,360.00 as attorney's fees in the *Pasco* case, less $2,500.00 deductible provided in the policy).

LAY, Chief Judge, concurring and dissenting:

I concur in Judge McMillian's opinion to the extent of the judgment affirmed; however, I feel the district court also should be upheld on the assessment of penalty for vexatious refusal to defend and pay the claim. The trial court's reasoning that the defendant's conduct was vexatious is not clearly erroneous. Judge Wangelin found:

August, 1973, and August, 1974. If appellant in good faith intended not to insure the corporation, according to appellee, it should have tendered return of all premiums paid after January, 1974. This failure to tender return of premiums is sufficient evidence to support a finding of vexatiousness, contends appellant, citing *Luthy v. Northwest Nat. Ins. Co.*, 224 Mo.App. 371, 20 S.W.2d 299 (Mo.App.1928), a case in which a vexatiousness finding was upheld where the insurance company was notified before the loss of the circumstances it claimed precluded coverage, but failed to tender return of premium. In the instant case there is evidence that appellant was informed of the lawsuit filed against the corporation, but no evidence that appellant was told the individual proprietorship had ceased to exist. In light of this failure of appellee to notify appellant of the critical circumstance that might support a return of premium, the failure to tender return of premium does not support liability in these circumstances. *See Militzer v. Farm, Fire & Cas. Co.*, 412 S.W.2d 540 (Mo.App.1967).

7. *See* note 1, *supra*. Although the author of this opinion was not a member of the court that decided *Pasco*, and does not doubt its precedential value, in a case of first impression the author, too, would have been inclined to share the views expressed by Judge Webster in his dissent.

8. While we do not agree with appellant's position or characterization of some of the events underlying this case, *see* note 2 *supra*, the mere fact that we find appellant's position incorrect does not mean appellant had no right to litigate its case, which we do not consider frivolous.

9. Counsel for appellant advised the court that, if there were no dispute that the damages caused by the barge breakaway were tower's liability, appellant would ordinarily take up the defense of the claim as a part of its obligation under the policy. We note that the claim on which Security prevailed in the *Pasco* case was a tower's liability claim. Appellee is entitled to attorney's fees in defending that claim.

(1) The president of the local agency falsely reported the existence of an agreement between the plaintiff and his attorney on the one hand and the local agent on the other that there was no coverage under the policies. When pressed on this point in his deposition the local agent became extremely evasive before finally admitting the falsity of his report. The Court considers the false blind postscript strong indicia of an intent to evade liability.

(2) When defendant's Senior Adjuster advised the local agent by letter of July 22, 1974, "at this time it would be premature to advise the assured that there is no coverage . . ." defendant then requested the plaintiff and its attorney to make further investigation. Plaintiff and his attorney then undertook the additional expense and inconvenience of an investigation and responded by letter dated August 7, 1974. Long after the receipt of that letter the defendant denied liability on August 29, 1974 on the grounds of no coverage. Thus, after requesting additional investigation and documentation from plaintiff, when it already had before it all the material facts, defendant then denied liability on grounds *not now relied upon by them.* In what this Court can only consider a willful effort of the defendant to evade its obligation, defendant, after it discovered Senior Adjuster Jeronimo's letter of August 29, 1974 waived the defenses it then sought to assert, filed an affidavit by the Senior Adjuster denying the clear meaning of the Senior Adjuster's letter. (Emphasis added.)

On this basis I feel the penalty should be enforced.