676 F.Supp. 197 (1987)
SAFECO INSURANCE COMPANY, Plaintiff,
v.
Richard MARION, d/b/a Marion Construction Company, and Gateway Machinery Company, Defendants.
No. 86-2120C-(1).
United States District Court, E.D. Missouri, E.D.
December 23, 1987.
*198 Gary E. Snodgrass, Brown, James & Rabbitt, St. Louis, Mo., for plaintiff.
Daniel E. Wilke, Brinker, Doyen & Kovacs, Daniel J. Gralike, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
By this diversity jurisdiction declaratory judgment action, plaintiff Safeco Insurance Company seeks a declaration that a certain insurance policy which it issued to defendant Richard Marion d/b/a Marion Construction Company excludes coverage for certain property damage to defendant Gateway Machinery Company's hydraulic truck crane. This coverage dispute presents a purely legal question; therefore, plaintiff Safeco and defendant Gateway have submitted the matter to the Court for a decision on the merits based upon a joint stipulation of facts.[1] With the joint stipulation, both Safeco and Gateway have submitted legal memoranda. Safeco and Gateway also rely upon their respective legal memoranda submitted in support of and in opposition to Safeco's motion for summary judgment.
The Court, having considered the pleadings, Safeco and Gateway's joint stipulation of facts and their legal memoranda, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Federal Rule of Civil Procedure 52.

Findings of Fact
Safeco and Gateway's joint stipulation of facts be and hereby is incorporated by reference herein as the Court's findings of fact. The following is a brief summary of the facts relevant to Safeco and Gateway's legal dispute.
Safeco issued an insurance policy to Marion d/b/a etc. providing coverage for property damage. The policy was in effect on November 11, 1982. The policy excludes coverage for property damage to property rented to or bailed to the insured. On November 9, 1982, Marion d/b/a etc. rented from Gateway a certain hydraulic truck crane. On November 11, 1982, an employee of Marion d/b/a etc., while operating the crane, caused the crane to overturn. The crane sustained property damage.
Marion d/b/a etc. duly notified Safeco of this occurrence and requested coverage under the insurance policy for his liability to Gateway. Safeco investigated Marion d/b/a etc.'s claim. During that investigation, Safeco learned that Marion d/b/a etc. had rented the crane from Gateway. On March 22, 1983, Safeco denied Marion d/b/a etc.'s claim based upon the policy's overload exclusion and based upon the policy's exclusion for damage caused by the insured's failure to preserve and safeguard the property after the loss.
On May 24, 1984, Gateway filed a state court action against Marion d/b/a etc. to recover for damage to the crane. Marion d/b/a etc. impleaded Safeco as a thirdparty defendant. By way of a second-amended counterclaim for declaratory judgment against Marion d/b/a etc., Safeco raised for the first time the insurance policy's exclusion for property damage to property rented to or bailed to the insured. Subsequently, *199 Safeco dismissed its counterclaim without prejudice and filed the instant declaratory judgment action seeking a declaration that the insurance policy excludes coverage for the property damage to Gateway's crane because the crane was property rented to or bailed to Marion d/b/a etc.

Conclusions of Law
The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), § 2201, and § 2202.
The legal dispute between Safeco and Gateway is whether Safeco waived, or is estopped from asserting, the policy exclusion for property damage to property rented to or bailed to the insured, by failing to deny coverage on that basis in the first instance, even though it knew that Marion d/b/a etc. had rented or bailed the crane from Gateway. Safeco and Gateway agree that, if there has been no waiver or estoppel, then the insurance policy validly and unambiguously excludes coverage for the property damage herein to Gateway's crane because Marion d/b/a etc. rented or bailed the crane from Gateway.
In support of waiver or estoppel, Gateway relies upon cases which state the following rule of Missouri insurance law:
if an insurer denies liability upon a specific ground or defense, all other grounds or defenses are waived, and the insurer is estopped to assert them, at least if the original denial was made with full knowledge of the facts.
State ex rel. Shelter Mutual Insurance Co. v. Crouch, 714 S.W.2d 827 (Mo.App. 1986).[2]
In opposition to waiver or estoppel, Safeco relies upon cases which state the following rule of Missouri insurance law:
"While waiver and estoppel may prevent an insurer from asserting a defense to coverage otherwise provided by an insurance policy, ... waiver and estoppel [cannot] establish coverage in the first instance where none existed before."
State Farm Mutual Automobile Insurance Co. v. Hartford Accident & Indemnity Co., 646 S.W.2d 379, 381 (Mo.App.1983) (quoting Blew v. Conner, 310 S.W.2d 294, 303 (Mo.App.1958), aff'd, 328 S.W.2d 626, 631 (Mo. banc 1959). Thus,
the doctrines of waiver and estoppel [are] unavailable to bring within the coverage of an insurance policy risks not covered by its terms or expressly excluded therefrom. The reason ordinarily advanced for the rule is that neither waiver nor estoppel may create a new contract for the parties. While an insurer may be estopped by its conduct from declaring a forfeiture of a policy, the coverage cannot be extended by the doctrine of waiver or estoppel.
Lawrence v. New York Life Insurance Co., 649 S.W.2d 461, 465 (Mo.App.1983) (citation omitted).[3]
The resolution of the Safeco and Gateway's dispute herein turns upon which of *200 these two rules of Missouri insurance law applies herein. While not uniform, the cases permitting waiver or estoppel involve "defenses" to coverage for otherwise covered risks. See e.g., Crouch, 714 S.W.2d at 829 (covered risk was fire; insurer estopped from asserting defense of arson); Calvert, 660 S.W.2d at 268 (insurer estopped from asserting defense of insured's failure to cooperate in investigation); Hounihan, 523 S.W.2d at 175 (arson); Morris, 510 S.W.2d at 240 (arson); Stone, 483 S.W.2d at 645 (insurer estopped from asserting defense that vehicle was not listed on insurance schedule); State Farm, 405 S.W.2d at 532 (insurer estopped from asserting no business connection). In contrast, the cases not permitting waiver or estoppel uniformly involve express exclusions of coverage for certain risks or policies which unambiguously do not provide coverage for certain risks. See e.g., Associated Indemnity, 596 S.W.2d at 389; Lawrence, 649 S.W.2d at 465; State Farm, 646 S.W.2d at 381; Weber, 394 S.W.2d at 569-570; Blew, 310 S.W.2d at 303. Further, the recent cases not permitting waiver or estoppel have distinguished the cases permitting waiver or estoppel on the ground that the cases permitting waiver or estoppel involve "defenses" to covered risks, rather than exclusions of risks. See Associated Indemnity, 596 S.W.2d at 389 n. 3; State Farm, 646 S.W.2d at 381. Likewise, State ex rel. Shelter Mutual Insurance Co. v. Crouch, 714 S.W.2d 827, which permitted waiver or estoppel, distinguished the cases not permitting waiver or estoppel by stating that: "prohibiting the defense of arson will not create coverage by waiver or estoppel. If the policy was not void for misrepresentation, loss by fire to the dwelling was a covered risk. Arson by the [insureds] was only a defense to avoid payment of the loss from the covered risk." 714 S.W.2d at 829.
Safeco's insurance policy issued to Marion d/b/a etc. unambiguously excludes coverage for a certain risk, i.e. property damage to property rented to or bailed to the insured. Based upon the Court's reading of the above cited Missouri cases, the Court concludes that the doctrines of waiver and estoppel are not available to establish coverage for that risk. Associated Indemnity Corp. v. Miller-Campbell, 596 S.W.2d 383 (Mo. banc 1980). Gateway's property was rented to or bailed to Marion d/b/a etc., Safeco's insured. Therefore, Safeco is entitled to a declaratory judgment declaring that its insurance policy issued to Marion d/b/a etc. excludes coverage for the property damage to Gateway's hydraulic truck crane, even though Safeco knew that the crane was rented to or bailed to Marion d/b/a etc. and yet did not deny coverage on that basis in the first instance.

DECLARATORY JUDGMENT
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that a declaratory judgment be and is entered in plaintiff Safeco Insurance Co.'s favor and against defendant Gateway Machinery Company, declaring that the insurance policy issued by plaintiff Safeco Insurance Co. to defendant Richard Marion d/b/a Marion Construction Co. excludes coverage for the property damage to defendant Gateway Machinery Company's hydraulic truck crane, because said property was rented to or bailed to defendant Marion d/b/a etc., and because plaintiff Safeco Insurance Co. did not waive its right to assert said exclusion and is not estopped from asserting said exclusion.
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be and is denied as moot.
NOTES
[1] On April 29, 1987, the Court entered a default judgment against defendant Marion d/b/a etc. declaring that, as and between Safeco and Marion d/b/a etc., the insurance policy excludes coverage for the property damage to Gateway's crane, and that Safeco has no obligation to defend Marion d/b/a etc.
[2] See Aetna Casualty & Surety Co. v. Haas, 422 S.W.2d 316, 321 (Mo.1968); Taylor v. Commercial Union Insurance Co., 614 F.2d 160, 163 (8th Cir.1980); Delmar Bank of University City v. Fidelity & Deposit of Maryland, 428 F.2d 32, 35 (8th Cir.1970); Calvert v. Safeco Insurance Company of America, 660 S.W.2d 265, 268-269 (Mo. App.1983); Hounihan v. Farm Bureau Mutual Insurance Co. of Missouri, 523 S.W.2d 173, 175 (Mo.App.1975); Morris v. Reed, 510 S.W.2d 234, 240 (Mo.App.1974); Stone v. Waters, 483 S.W.2d 639, 645 (Mo.App.1972); Kammeyer v. Concordia Telephone Co., 446 S.W.2d 486, 490 (Mo.App. 1969); State Farm Mutual Insurance Co. v. Central Surety and Insurance Corp., 405 S.W.2d 530, 532 (Mo.App.1966). This last case appears to be the seminal Missouri case upon which the later cases rely. The rule, now well-established in Missouri law, may have derived from another related, also well-established, rule of Missouri insurance law that: "When a liability insurer conducts a defense of an action brought against the insured with knowledge of the facts and without giving notice of a reservation of rights, the insurer is thereafter precluded from setting up a defense of non-coverage." Martinelli v. Security Insurance Co. of New Haven, 490 S.W.2d 427, 433 (Mo.App.1972); Hankins v. State Farm Mutual Automobile Insurance Co., 379 S.W.2d 829, 830 (Mo.App.1964); Missouri Managerial Corp. v. Pasqualino, 323 S.W.2d 244, 250 (Mo.App.1959).
[3] See Associated Indemnity Corp. v. Miller-Campbell Co., 596 S.W.2d 383, 389 (Mo. banc 1980); Taylor v. Commercial Union Insurance Co., 614 F.2d 160, 163 (8th Cir.1980); Weber v. Union Life Insurance Co., 394 S.W.2d 565, 569-570 (Mo.App.1965); Blew v. Conner, 310 S.W.2d 294, 303 (Mo.App.1958), aff'd, 328 S.W.2d 626, 631 (Mo. banc 1959).