STUCKER *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY.

4-9788                                    248 S. W. 2d 383

Opinion delivered May 5, 1952.

*Dinning & Dinning,* for appellant.

*O. C. Brewer* and *A. M. Coates,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant upon a policy insuring the life of a saddle horse against death caused directly by disease, accidental injury, fire, or lightning. The complaint alleges that the horse was accidentally injured and was later destroyed by a veterinarian for humanitarian reasons. To this complaint the appellee filed a general denial. At the close of the plaintiff's proof the court directed a verdict for the insurer.

The first question is whether the horse's death was directly caused by an accidental injury. The proof shows that the animal was accidentally injured in the plaintiff's paddock on May 14, 1951, that its condition became progressively worse, and that in July the attending veterinarian deemed the animal incurable and destroyed it. In these circumstances we think it plain that the jury

could have found that the accidental injury was the direct and proximate cause of the animal's death. Appleman, Insurance Law and Practice, § 3151. The necessity for destroying the horse was due solely to the accidental injury and did not constitute a superseding factor in the chain of causation. Rest., Torts, § 443. The situation is analogous to that in which an insurer against fire is held liable also for water damage incident to attempts to extinguish the blaze; the loss is still caused directly by fire. Appleman, § 3118; *cf. Fidelity & Cas. Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995, 44 L. R. A. N. S. 493.

A more difficult question is whether the insurer should have pleaded a clause which limits coverage for humanitarian destruction to those instances in which the injury and destruction take place in certain public places, which was not true in the case at bar. This is the language of the policy: "Extent of coverage. Against loss resulting only from death occurring within the term of this policy of any or all of the animals insured hereunder, but only when such death is caused directly by disease, accidental injury, fire or lightning, wherever they may be within the boundaries of the United States or Canada, including while in transit by rail, ferry transport, or by properly equipped motor truck, especially constructed for transporting horses except as herein otherwise provided, limited and excepted; also to include liability in the event it shall become necessary, for humane consideration, to destroy any animal insured hereunder, because of its having been accidentally crippled or maimed, but then only where such destruction is necessary within three hours after such injury is received, and then only where such animal is injured and destroyed on a public highway or a public race course during a racing meeting, or at any other public event, gathering or place, during a public gathering, and a certificate from a licensed veterinarian, certifying that the destruction of such animal was immediately necessary because of its having been accidentally crippled or maimed, shall have been obtained prior to the destruction of such animal or animals, or where this company shall consent to such de-

struction in writing signed by its general agent at its Live Stock Department office at Chicago, Illinois.''

This is the problem: Is all, or is only part of, the quoted language the principal insuring clause of the policy? The insurer need not specifically plead that the loss does not fall within the main insuring clause, for that is what the plaintiff must prove to make a case for the jury. A general denial puts the plaintiff to his proof. But an exception to the insurer's liability is an affirmative defense that is waived if not pleaded. *Southern Nat. Ins. Co.* v. *Pillow*, 206 Ark. 769, 177 S. W. 2d 763. Hence the pivotal issue is whether the language relating to humanitarian destruction is part of the insuring clause, which need not be pleaded, or an exception that is waived if not asserted.

We regard the provision as an exception to the insurer's liability. The principal insuring clause covers death due to disease, accidental injury, fire, or lightning. If the sentence stopped at that point the present loss would be covered, as we have already seen. Thus the additional language adds nothing to the coverage; instead, it narrows the protection by providing a closely circumscribed exception to the liability already assumed by the insurer. Although the exception is introduced by the phrase, ''also to *include* liability,'' what the language really does is not to add protection but to take it away. If the phrase had been, ''provided, however, the company shall not be liable for humanitarian destruction except in the following circumstances,'' etc., it would clearly have been an exception to the insuring clause. To draw a distinction between the two phrases would be stressing form instead of substance.

The trial court directed a verdict on the ground that the loss was excluded by the humanitarian destruction clause. Since that defense was waived by the failure to plead it the judgment must be reversed and the cause remanded for a new trial.