AMERICAN LIFE & ANNUITY INS. CO. *v.* DANCER

5-3744                                      398 S. W. 2d 529

Opinion delivered January 31, 1966

*James R. Howard* and *Moses, McClellan, Arnold, Owen & McDermott*, for appellant.

*Loftin, Herrod & Cole,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, American Life & Annuity Insurance Company, issued its group accident policy to J. C. Tucker & Sons, providing, *inter alia*, that appellant would pay to any employee of the Tucker Company, who was injured by reason of accident, $100.00 per month, so long as the insured employee was wholly disabled from performing any and every duty pertaining to his occupation, not however, to exceed twelve months. On August 14, 1963, Joe P. Dancer, appellee herein, and an employee of the Tucker Company, suffered an accidental back injury during the course of his employment, and was hospitalized for a period of two weeks. Thereafter, according to Dancer's testimony, he was under the care of a physician until

February, 1964. On November 18, 1964, Dancer instituted suit against American Life and Annuity Insurance Company, seeking to recover the sum of $1,082.00, together with costs, interest, penalty, and attorneys' fee. The complaint recited that appellant company had made partial payment prior to the filing of the complaint, and had tendered the additional amount of $56.66 in full settlement of the claim, but appellee had refused to accept this amount. Appellant company filed its answer, being a general denial, asking that the complaint be dismissed. On trial, the court, sitting as a jury, found that Dancer was entitled, under the policy, to the sum of $1,200.00, but that American Life and Annuity Insurance Company had already made partial payment, and the balance due to Dancer was $1,082.00. The judgment recites:

"The court further finds from the evidence submitted by the defendant that Subparagraph (1) under 'Exceptions and Reductions' is in conflict with the absolute assurance to pay as provided in 'Part B—Total Disability' and that the agreement to pay must be given preference."

Judgment was also rendered for an attorneys' fee in the amount of $216.40, penalty of 12% in the sum of $129.84, and interest at the rate of 6% per annum, together with all costs. From this judgment, appellant brings this appeal. Only one point is relied upon for reversal, *viz*, "There is no evidence in the record to support a judgment against the appellant in excess of Five Hundred Eighteen Dollars and Twenty-Four Cents ($518.24)."

The pertinent portion of the insuring clause, relied upon by appellee, reads as follows:

## PART B.
### TOTAL DISABILITY

"If injuries as described in this Policy are sustained by the Insured Employee and within twenty (20)

days from date of accident independently of all other causes, wholly and continuously disable the Insured Employee from engaging in any occupation or employment for wage or profit, the Company will pay for the period of such loss of time, but not exceeding twelve consecutive months, monthly indemnity at the rate of One Hundred ($100.00) Dollars.* * *''

Part C deals with first aid benefits for medical or surgical treatment, and Part D relates to additional benefits, if the injured employee is confined to a hospital. Following these three sections, there is a clause entitled "Exceptions and Reductions," which excepts coverage in certain instances, Provision (1) being the only one relating to this litigation. This exception reads as follows:

"The insurance under this Policy shall not cover death or other loss caused or contributed to (1) any period of disability for which the Insured Employee is not under the professional care and regular attendance of a licensed physician, surgeon or osteopath other than himself;* * *''

The company admits liability for payments from the time of the accident (August 14, 1963) to February, 1964, but denies that it is liable under the policy for any payments after that date. This assertion is based upon the provision under "Exceptions and Reductions," mentioned above.

Under our cases, appellant company cannot avail itself of this defense, for we have held on numerous occasions that exceptions or exemption clauses must be specifically pleaded as a defense. *Missouri State Life Insurance Co.* v. *Barron,* 186 Ark. 46, 52 S. W. 2d 733. In that case, appellant company had issued a certificate of accident insurance under a group policy carried by the Missouri Pacific Railway Company to protect its employees from death resulting from accidental bodily injury, "effected through external, violent and acciden-

tal means independent from all other causes* * *.'' There, the company presented the same argument that is being urged in the instant litigation. This court said:

"* * * Appellant argues, however, that the group policy in the instant case contains an exception or exemption clause which brings the case within the rule that there can be no recovery if a disease of the insured cooperated with the accident to produce death. The exception or exemption clause relied upon * * * is as follows:

" 'This insurance shall not cover accidental injuries, death or loss caused directly or indirectly, wholly or partly by bodily or mental infirmity or by any kind of disease.'

"The testimony is in conflict as to whether death resulted to the insured from heat prostration, from an abscess or tumor found in one cell of his brain when the autopsy was made, or from both causes co-operating together. Under instruction No. 3, requested by appellees and given by the court, before the jury could return a verdict for appellees they must find that heat prostration was the proximate cause of the insured's death. As stated above, this was a correct declaration of law as applied to the liability clause pleaded as a basis for the recovery. Liability under said clause was denied, and this was the only issue joined by the pleadings. *The exemption or exception clause was not pleaded as a defense. It should have been pleaded specifically, and the failure to do so was a waiver by appellant.*[1]"

Several cases are then cited in support of this holding. See also *Stucker* v. *Hartford Accident and Indemnity Company*, 220 Ark. 475, 248 S. W. 2d 383, and cases cited therein. Here, appellant company only filed a general denial, and, in so doing, waived any possible defense created by the exception clause.

Affirmed.

COBB, J., not participating.

---

[1]Emphasis supplied.