## SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY *v.* Jack FIELDS, Individually and as Father and Next Friend of Karen FIELDS, A Minor

77-67                                      553 S.W. 2d 278

### Opinion delivered July 18, 1977
### (In Banc)

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*Felver A. Rowell, Jr.,* and *Charles H. Eddy,* for appellee.

JOHN A. FOGLEMAN, Justice. Southern Farm Bureau Casualty Company appeals from a judgment holding it liable for injuries suffered by Karen Fields, a school girl, who was transported to and from the Plummerville Elementary School by a school bus owned by the school district and operated by one of its employees. On September 19, 1972, Karen was taken home from school on this bus. The driver stopped it on Highway 64 in front of her home, but on the opposite side of the highway. She got off the bus, walked in front of it and

after she had entered the opposite traffic lane of the two-lane highway was struck by an automobile driven by an uninsured motorist. It is conceded that his negligence was the proximate cause of her injuries. The insurance company defended a direct action against it by appellee, individually and as next friend of Karen, on the ground that Karen was not covered by their policy of uninsured motorist insurance issued to the school district. The sole contention of appellant is that the trial court erred in denying its motion for a directed verdict. We agree with appellant and disagree with the trial court.

The testimony showed that Karen had departed from the bus, passed in front of it and had reached a position near the middle of the opposite traffic lane, when struck. She was six to eight feet from the part of the bus nearest her at the time.

Appellant's contention was based upon coverage provisions of the policy. The pertinent provisions are:

II.  Definitions

(a)  Insured. The unqualified word "Insured" means

(1)  The first Named Insured as stated in the policy and while residents of the same household, his spouse and relative of either:

(2)  any other person while occupying an insured automobile with permission of the named insured or spouse.

(e)  Occupying. The word occupying means in or upon entering into or alighting from but having physical contact with an insured vehicle.

The burden was on appellee to show that Karen was an insured within the coverage of the policy. *Peoples Protective Life Ins.* v. *Smith,* 257 Ark. 76, 514 S.W. 2d 400. Unless plain words have lost their meaning she failed to do so. By no stretch of the imagination can it be said that Karen was in physical contact with the school bus when she was struck.

Appellee argues that appellant waived the provision of the policy defining the word "occupying" by failure to plead it. This would be true if the provision was one necessary to an affirmative defense, as would be the case if it constituted an exception or exemption clause. *Universal Life Ins. Co.* v. *Howlett,* 240 Ark. 458, 400 S.W. 2d 294; *American Life & Annuity* v. *Dancer,* 240 Ark. 128, 398 S.W. 2d 529. But this is not an exception or exemption clause. It is part of the clause defining coverage and appellant was not required to plead a policy definition of a word in that clause. Appellant did plead that Karen Fields was not occupying an insured automobile and, therefore, was not insured under the policy. This allegation put appellee to his proof of appellant's liability. *Stucker* v. *Hartford Accident & Indemnity Company,* 220 Ark. 475, 248 S.W. 2d 383.

Cases relied upon by appellant to bring Karen within the terms of the policy as an insured are not applicable when we apply the plain, unequivocal, unambiguous definition of the word "occupying" given in the policy. In none of those cases are the words "but having physical contact with" included in the description of those insured. It appears likely that those words were included in the definition of "insured" in this policy in order to avoid the application of those very cases.

Appellee also argues that the requirement of physical contact is an impermissible restriction on coverage, relying on *Soule* v. *Stuyvesant Insurance Company,* 364 A. 2d 883 (N.H., 1976). This case, however, eliminated the requirement of physical contact with the vehicle driven by the uninsured motorist as contrary to the New Hampshire uninsured motorist act.

Appellee asserts that requiring physical contact with the insured automobile violates the requirements of Ark. Stat. Ann. § 66-4003 (Repl. 1966), our uninsured motorist act. We do not so read the statute. It requires coverage for "persons insured thereunder." It does not identify the "persons insured" under an insurance policy covering liability arising out of the ownership, maintenance or use of the motor vehicle covered so as to include any passenger or occupant.

The parties are free to contract as to the "persons insured," insofar as passengers are concerned. There is no showing that Karen was an insured under the policy.

We have not overlooked appellee's argument that Karen Fields had sufficient contact with the bus because its driver had the obligation, under his contract with the school district, to see that she was safely across the road before proceeding on his route, pointing out that at the time Karen was struck, the school bus was still standing with its lights flashing. The physical contact contemplated, however, is contact with the vehicle, not the school district. This argument might be applicable in a suit against the driver. Those facts did not make Karen an insured under the policy.

The judgment is reversed and the cause dismissed.

BYRD, J., dissents.