Theodore GREEN, Appellant,

v.

CITY OF ST. LOUIS, Respondent.

No. 75917.

Supreme Court of Missouri,
En Banc.

Feb. 22, 1994.

Bruce C. Cohen, St. Louis, for appellant.

Ronnie L. White, City Counselor, Julian L. Bush, Associate City Counselor, Kathleen G. Tanner, Associate City Counselor, St. Louis, for respondent.

COVINGTON, Chief Justice.

Theodore Green appealed from the judgment on the pleadings in favor of the City of St. Louis on his claim for punitive damages and from the grant of summary judgment in favor of the city on the remainder of his claims. The Missouri Court of Appeals, Eastern District, affirmed in part and reversed and remanded in part. This Court granted transfer to address the issue of whether a defendant may properly raise an affirmative defense in a motion for summary judgment when the affirmative defense was not raised in the defendant's answer. Summary judgment is reversed and remanded. The appeal of the judgment on the pleadings is dismissed without prejudice.

Mr. Green, an African–American, is employed as a maintenance worker by the City of St. Louis at Lambert–St. Louis International Airport. On April 3, 1988, Robert Vaughn, a white coworker, complained to his supervisor that on April 2, 1988, Green had assaulted him and that on the same date Green falsified his time report. The city immediately placed Green on leave. On April 11, 1988, the city made a preliminary decision to dismiss Green for unauthorized possession of a dangerous weapon while on duty, assault on a fellow employee, and falsification of his time report. The city held a pretermination hearing on April 15, 1988.

On April 25, 1988, the city suspended Green from work without pay for "ten working days and 14 calendar days" and assigned him to the lesser paying day shift, for falsifying his time sheet.

Mr. Green appealed to St. Louis City's Civil Service Commission (CSC) alleging that he was suspended because of his race and age, which was fifty-four when the incident with Vaughn occurred. Green did not pursue review of his shift reassignment with the CSC. On October 31, 1988, after conducting a hearing, the CSC upheld Green's suspension. It found that Green had falsified time records on April 2, 1988, and that, pursuant to rule IX, § 3(a)(2), of the civil service rules and to department of personnel administration regulation no. 117, § II(B), the city had authority to suspend him. The CSC also found that race and age were not factors in the city's decision to suspend Green. Green did not seek judicial review of the CSC's findings.

On June 23, 1988, Mr. Green filed a complaint with the Missouri Commission on Human Rights (MCHR) alleging that the city's actions in suspending and transferring him to a different shift were the result of racial and age discrimination. On January 17, 1989, the MCHR notified Green that he had the right to commence a civil action against the city pursuant to § 213.111, RSMo 1986.

On April 17, 1989, Mr. Green filed the present action against the city alleging race discrimination in violation of the human rights act, chapter 213, RSMo. Green sought actual damages, a permanent injunction, punitive damages, and other relief not relevant to this appeal. Green alleged that he was transferred to the day shift but Vaughn, the coworker Green had allegedly assaulted, was not disciplined and was allowed to remain on the night shift despite the fact that Vaughn had less seniority than Green and had admitted to falsifying his time sheet on April 2, 1988. Green also alleged that the city took disciplinary action against him based upon Vaughn's version of the April 2, 1988, incident without allowing Green a fair opportunity to respond to or explain Vaughn's accusations. The city answered but did not assert failure to exhaust adminis-

trative remedies or collateral estoppel as affirmative defenses.

The city brought a motion for judgment on the pleadings on Green's claim for punitive damages. The trial court granted the motion, finding that § 213.111 does not specifically authorize punitive damages against a municipal corporation and that punitive damages are not recoverable against a municipal corporation in the absence of statutory authorization. Pursuant to *Rule 74.01(b)*, the trial court certified the issue as a final, appealable judgment. Green appealed. The court of appeals determined that the issue of punitive damages was not a separate claim, but merely a part of Green's employment discrimination claim; therefore, the trial court's judgment on the pleadings was not a final judgment. *Green v. City of St. Louis*, 801 S.W.2d 376, 378 (Mo.App.1990). The appeal was dismissed without prejudice.

On May 21, 1992, three years after Mr. Green initiated the suit and after the parties had completed discovery, the city raised the affirmative defenses of collateral estoppel and failure to exhaust administrative remedies in a motion for summary judgment. In a memorandum filed in opposition to the motion for summary judgment, Green argued, *inter alia*, that the city had waived affirmative defenses when it failed to include them in its answer. The trial court granted summary judgment in favor of the city without specifying the ground or grounds upon which summary judgment was entered.

█ Green first asserts that the trial court erred if it sustained the city's motion for summary judgment on the ground that the present action is barred by Green's failure to exhaust administrative remedies. Green contends that the failure to exhaust administrative remedies is an affirmative defense that must be asserted in the answer or is deemed waived. *See Rule 55.08; Detling v. Edelbrock*, 671 S.W.2d 265, 271 (Mo. banc 1984). Green is incorrect. Failure to exhaust administrative remedies requires that a party seek all available remedies at the administrative level before applying to the courts for relief. 5 Jacob A. Stein et al., Administrative Law § 43.02[3] (1993); *see also State ex rel. Keeven v. City of Hazel-*

*wood*, 585 S.W.2d 557, 560 (Mo.App.1979). The rule requiring exhaustion of administrative remedies is one of subject matter jurisdiction. *Citizens for Safe Waste Management v. St. Louis County*, 810 S.W.2d 635, 638 (Mo.App.1991). Because subject matter jurisdiction can be raised at any time, the city was not prohibited from raising the defense for the first time in its motion for summary judgment. *Rule 55.27(g)(3)*.

█ Mr. Green next contends that the trial court erred because Green was not required to exhaust the city's administrative remedies before bringing an action pursuant to § 213.111. His contention is correct. The exhaustion doctrine does not apply as between two separate administrative remedies. *See* 2 Am.Jur.2d *Administrative Law* § 598 (1962); 73 C.J.S. *Public Administrative Law and Procedure* § 37(c) (1983). There are two administrative remedies available to Mr. Green. In addition to state administrative remedies under § 213.111, the city has provided that its civil service commission has authority to hear and decide claims that an employee was impermissibly discharged, demoted, or reduced in rank or compensation on account of race, national origin, gender, political or religious affiliation, age, or physical disability. St. Louis City Charter, art. XVIII, § 16; civil service rule XIII, § 2.

A remedy separate and distinct from the remedy provided by the city in its civil service commission is found in § 213.111. The Missouri General Assembly enacted the human rights act, chapter 213, RSMo, to eliminate and prevent human rights violations. § 213.030, RSMo Supp.1993. Chapter 213 specifically provides that it shall be unlawful practice for an employer to discriminate because of race, color, religion, national origin, gender, ancestry, age, or handicap. § 213.-055, RSMo 1986. Included in the statutory definition of an employer is the State of Missouri and any political or civil subdivision of the State. § 213.010(6), RSMo Supp.1993. The legislature did not require exhaustion of any other available administrative remedy before prosecuting an action under chapter

213.[1] Mr. Green was not required to exhaust the city's administrative remedies before filing a suit pursuant to § 213.111. If the trial court granted summary judgment on this issue, the trial court erred.

■ The next issue is whether the trial court erred if it granted summary judgment in favor of the city on the ground of collateral estoppel, with respect to Green's suspension claim. Collateral estoppel, or issue preclusion, provides that an issue judicially determined in one action may not be relitigated in another action. *American Polled Hereford Ass'n v. City of Kansas City*, 626 S.W.2d 237, 241 (Mo.1982). The CSC found that neither age nor race was a factor in Green's suspension. Green asserts the trial court erred if collateral estoppel was the ground for sustaining the city's motion for summary judgment because the city waived the affirmative defense of collateral estoppel when it failed to plead it in its answer.

■ Rule 55.08 provides in pertinent part: "In a pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances." Collateral estoppel is an affirmative defense. *Ronollo v. Jacobs*, 775 S.W.2d 121, 124 (Mo. banc 1989). Before 1993, *Rule 55.08* was generally interpreted to mean that failure to plead an affirmative defense results in a waiver of the defense. *Detling v. Edelbrock*, 671 S.W.2d 265, 271 (Mo. banc 1984). In *Heins Implement Co. v. Missouri Highway & Transportation Commission*, 859 S.W.2d 681 (Mo. banc 1993), this Court retreated from its previous interpretation of *Rule 55.08*. After *Heins*, issues not raised in the answer are simply not raised in the lawsuit. *Heins*, 859 S.W.2d at 684 n. 2. The affirmative defense of collateral estoppel is not, therefore, deemed waived, per se, in the present case.

■ A defendant who fails to plead an affirmative defense in the answer may seek leave of court to amend the answer to include the omitted affirmative defense. *Rule 55.-33(a)*.[2] The procedure allows notice to the opposing party of intent to present the defense and allows time for suggestions in opposition to the defendant's motion. The right to amend is not absolute, but leave is to be freely given if justice requires. *Downey v. Mitchell*, 835 S.W.2d 554, 556 (Mo.App. 1992). The factors the trial court should consider in determining whether to permit amendment of an answer include: (1) the hardship to the moving party if the request is denied; (2) the reasons for failure to include the matter in a designated pleading; and (3) the injustice or prejudice caused the opposing party if the request is granted. *Stewart v. Sturms*, 784 S.W.2d 257, 262 (Mo.App. 1989).

■ Here the city failed to follow the procedure outlined in *Rule 55.33(a)*, even after Green objected on the ground of waiver. The city nevertheless contends that its affirmative defenses should be allowed through a motion for summary judgment, for reasons of judicial expediency and cost-effectiveness. This Court does not disagree with the general policy and would not automatically charge a trial court with error in allowing an affirmative defense to be raised for the first time in a motion for summary judgment. The factors for the trial court to consider are precisely those used in determining whether to permit amendment of an answer. A court should not grant summary judgment based upon affirmative defenses that are raised for the first time in the summary judgment motion if the court would not have permitted the defendant to amend the answer to include the defenses.

---

**1.** By analogy, a review of § 36.390, RSMo 1986, and chapter 213 makes clear that in the case of employment discrimination the legislature intended to allow separate remedies. Chapter 213 does not confer exclusive jurisdiction upon the MCHR or, in the case of an action brought pursuant to § 213.111, on the circuit court. In addition, the legislature has provided that for state merit employees, the personnel advisory board has authority to determine whether a state merit employee was dismissed, suspended, or demoted on account of employment discrimination. § 36.390(5), RSMo 1986.

**2.** *Rule 55.33(a)* provides in pertinent part:

A pleading may be amended once as a matter of course at any time before a responsive pleading is served ... otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

**798**

Applying the factors set forth in *Stewart v. Sturms* to the present case reveals that the record is insufficient to determine whether summary judgment should have been entered on the ground of collateral estoppel.[3] The cause must be reversed and remanded.[4]

Mr. Green finally asserts on appeal that the trial court erred in dismissing his claim for punitive damages. His assertion is without merit. Appeals may be taken only from final judgments. *Concepts Communication Management Corp. v. Newhard Cook & Co., Inc.*, 829 S.W.2d 554, 555 (Mo. App.1992). A final judgment disposes of all issues and all parties in the case and leaves nothing for future determination. *Id.* Green's claim for punitive damages rests on the claim of the discriminatory action by the city and is, therefore, not appealable until the trial court rules on the discrimination action. *Green v. City of St. Louis*, 801 S.W.2d at 378.

In summary, Mr. Green was not required to exhaust the city's remedies before proceeding under chapter 213. Whether his claim is nevertheless barred by collateral estoppel remains for the trial court to determine after applying the factors set forth in *Stewart v. Sturms*. The summary judgment is reversed and remanded to enable the trial court to apply the factors set forth in *Stewart v. Sturms* so as to determine whether summary judgment is proper.

The appeal from the trial court's judgment on the pleadings with respect to punitive damages is dismissed without prejudice.

All concur.

---

**3.** Mr. Green claims on appeal that he incurred expenses and attorney's fees from and after the time that the affirmative defense of collateral estoppel should have been raised. Through no fault of Mr. Green, no record is available on this issue.

**4.** Upon remand, when applying the second factor under *Stewart v. Sturms*, 784 S.W.2d 257, 262 (Mo.App.1989), the trial court should be mindful that collateral estoppel is a defense almost al-

ways known to a defendant from the inception of a lawsuit. As this Court stated in *Heins Implement Co. v. Missouri Highway & Transportation Commission*, 859 S.W.2d 681 (Mo. banc 1993), where res judicata was first raised as an affirmative defense more than five years after the filing of the answer, "a defendant should not be able to hold preclusion in reserve as a 'stealth defense' long after the time for raising substantive defenses has passed. *See Rule 55.27(f).*"