**Robert E. TROPF, Jr., Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Appellee.

No. 95–582.

Supreme Court of Iowa.

Jan. 22, 1997.

James J. Roth, Dubuque, for appellant.

Ted J. Wallace, Bettendorf, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

TERNUS, Justice.

The issue presented by this case is whether a claimant must be in actual physical contact with the insured vehicle in order to be "occupying" the vehicle within the meaning of a policy defining "occupying" as "in, on, getting into or out of, and in physical contact with" the insured vehicle. We conclude physical contact with the vehicle is a prerequisite to coverage under this definition. Therefore, we vacate a court of appeals decision stating a contrary conclusion and affirm the district court judgment correctly interpreting the policy.

I. Robert Tropf, Jr., appellant, was involved in a two-vehicle accident while driving a car owned by Robert Farrell. After Tropf pulled the Farrell vehicle to the side of the road, he got out to inspect for damage. While Tropf was outside the car, a third vehicle slid toward the accident scene. Tropf was injured when he lunged out of the way of the approaching vehicle.

Farrell's car was insured by appellee, American Family Mutual Insurance Company. Tropf sought payment of his medical bills under the medical payments coverage of the American Family policy. That coverage applied only to an "insured." The term "insured" was defined in part to include any person "occupying" the insured vehicle. The policy also defined the word "occupying": "**Occupying** means in, on, getting into or out of, and in physical contact with."

American Family refused payment under the policy because Tropf was not physically in contact with the Farrell vehicle when he was injured. Tropf then filed this action to recover the limits of the medical payments coverage. The case was submitted to the district court under a stipulation of facts and exhibits. The parties stipulated that Tropf had exited the Farrell vehicle prior to his injury and was not in actual physical contact with the vehicle when he was injured. The district court ruled in favor of American Family finding that physical contact with the vehicle was a requirement for coverage under the policy definition of "occupying." Tropf appealed and the court of appeals reversed. We granted further review. Our review is at law. *C & J Fertilizer, Inc. v. Allied Mut. Ins. Co.*, 227 N.W.2d 169, 172 (Iowa 1975).

II. When, as here, the parties offer no extrinsic evidence on the meaning of the policy language, interpretation of the insurance policy—determining the meaning of the language used—is a question of law for the court. *Kalell v. Mutual Fire & Auto. Ins. Co.*, 471 N.W.2d 865, 867 (Iowa 1991). We follow well-established rules in interpreting policy language:

> The intent of the parties controls. We determine the parties' intent from the language of the policy, unless the policy is ambiguous. Ambiguity exists when, after application of principles of contract interpretation, a genuine uncertainty remains as to which one of two or more meanings is the proper one. A mere disagreement between the parties as to the meaning of policy language does not establish an ambiguity. Only when the policy language is susceptible to two reasonable interpretations do we find an ambiguity.

*Kibbee v. State Farm Fire & Cas. Co.*, 525 N.W.2d 866, 868 (Iowa 1994) (citations omitted). We give policy language its plain and ordinary meaning and do not indulge in a strained or unnatural interpretation merely to find ambiguity. *Id.* at 868–69.

III. The language at issue here is the policy definition of "occupying": "**Occupying** means in, on, getting into or out of, and in physical contact with." This definition varies from the one typically found in medical payments coverage and uninsured motorist cov-

erage. Historically, the term "occupying" has been defined as "in or upon or entering into or alighting from" the insured vehicle. *See* Jonathan M. Purver, Annotation, *Automobile Insurance: When Is a Person "Occupying" an Automobile Within Meaning of Medical Payments Provision*, 42 A.L.R.3d 501, 504 (1972) [hereinafter "Annotation"]; 1 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 5.2, at 190 (2d ed.1992) [hereinafter "Widiss"]; *e.g.*, *Henderson v. Hawkeye–Security Ins. Co.*, 252 Iowa 97, 102, 106 N.W.2d 86, 89 (1960). The interpretation of this standard definition has given rise to repeated litigation concerning the scope of coverage. *Robson v. Lightning Rod Mut. Ins. Co.*, 59 Ohio App.2d 261, 393 N.E.2d 1053, 1054 (1978) (determining when one is "occupying" a vehicle is not as easy as it appears at first blush); *see* Annotation, 42 A.L.R.3d at 505–07; Widiss § 5.2, at 191–209. Courts have examined the relationship between the vehicle and the claimant, both as to geographical proximity and the orientation of the claimant's activities, to decide whether a particular claimant was "occupying" the insured vehicle at the time of his or her injury. Widiss § 5.2, at 191. Physical contact is usually not required for coverage under the traditional definition. *Id.* On the other hand, when physical contact exists, courts have invariably found coverage. *Id.*; *Henderson*, 252 Iowa at 102, 106 N.W.2d at 89.

Against this background, some insurers, such as American Family, have added a physical contact requirement to their definition of "occupying." Tropf suggests we interpret the "occupying" definition in American Family's policy the same as courts have interpreted the traditional definition. As we have noted, under that line of authority, actual physical contact is not always necessary. Because the wording of the definition at issue here, however, varies significantly from the traditional definition, cases interpreting the traditional definition are not apposite. *Southern Farm Bureau Cas. Ins. Co. v. Fields*, 262 Ark. 144, 553 S.W.2d 278, 279 (1977) (en banc).

We have found only two cases interpreting an "occupying" definition requiring physical contact. *See id.; American Family Mut. Ins. Co. v. City of Milwaukee*, 148 Wis.2d 280, 435 N.W.2d 280 (1988). In both cases, the courts concluded that a claimant who was not physically touching the vehicle when injured was not "occupying" the vehicle. *Southern Farm Bureau*, 553 S.W.2d at 279; *American Family*, 435 N.W.2d at 286. The Wisconsin court perceived no ambiguity in the policy. *American Family*, 435 N.W.2d at 285. The Arkansas court noted the physical contact requirement was likely added to avoid application of those cases interpreting the standard definition as not requiring physical contact. *Southern Farm Bureau*, 553 S.W.2d at 279.

We agree with these courts. There is no ambiguity in the phrase "and in physical contact with." Therefore we give this language its plain and ordinary meaning.[1] This language clearly imposes a mandatory requirement for coverage that does not exist under the more typical version of the "occupying" definition: the claimant must be in actual physical contact with the insured vehicle when injured in order to be insured under the policy. Thus, a person seeking insured status must prove two things: (1) he or she was "in, on, getting into or out of" the insured vehicle; and (2) he or she was "in physical contact with" the insured vehicle. Because Tropf was admittedly not touching the Farrell vehicle when he was injured, he does not meet the second part of the "occupying" definition and consequently, is not an insured under American Family's policy. The district court was correct in ruling that Tropf could not recover under the medical payments coverage.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**

---

1. Although Tropf argues that his suggested interpretation of the "occupying" definition is "a more reasonable and persuasive approach," he makes no claim that giving effect to the plain and ordinary meaning of the policy definition of "occupying" violates his reasonable expectations of coverage. *See C & J Fertilizer*, 227 N.W.2d at 176–77.